**FILED**

JUN 13 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
              DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHA KILGORE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WELLS FARGO HOME MORTGAGE, ) <br> REGIONAL TRUSTEE SERVICES ) <br> CORPORATION, EMMITT LEWIS ) <br> FRED LACKER, ) <br> ) <br> Defendants. ) <br> ) | 1:12-CV- 00899 AWI SKO <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED  (Doc. #5) <br><br> ORDER SETTING BRIEFING SCHEDULE |

### BACKGROUND

On May 14, 2012, Plaintiff filed a complaint for damages in the Superior Court for the State of California, County of Fresno.  Among other causes of action, the complaint contained causes of action for wrongful foreclosure, violations of the Truth in Lending Act, Violations of the Real Estate Settlement Procedures Act, Fraud, and Breach of Contract.  The same day, Plaintiff filed an ex parte application for a temporary restraining order enjoining the May 18, 2012 foreclosure sale of Plaintiff's property, located at 728 East Magill Avenue, Fresno, California 93710 ("the Property). On May 16, 2012, the Superior Court granted Plaintiff's motion for a temporary restraining order and ordered Defendants to show cause why a preliminary injunction should not be granted.  It appears Plaintiff had until May 23, 2012 to

1  serve a copy of the May 16, 2012 order on Defendants.[1]

2  Because the complaint raised causes of action brought under Federal law, on May 31, 2012,[2] Defendant Wells Fargo Home Mortgage ("Defendant Wells Fargo") removed this action to this court. In the notice of removal, Defendant Wells Fargo states that no Defendant has received personal service of the summons and complaint. Attached to the notice of removal are the May 14, 2012 complaint and a copy of the Superior Court's docket concerning the state action.

8  On June 11, 2012, Plaintiff filed a motion for a temporary restraining order in this court. Plaintiff seeks an order restraining and enjoining Defendants from selling the Property. The motion for a Temporary Restraining order contends that Defendants neither served Plaintiff with a Notice of Default nor Notice of Sale pursuant to California Civil Code § 2924(b). Plaintiff provides a declaration, signed under penalty of perjury, stating she did not receive these documents, along with other facts supporting Plaintiff's causes of action.

## LEGAL STANDARD

The substantive standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction. Bronco Wine Co. v. U.S. Dep't of Treasury, 997 F.Supp. 1309, 1313 (E.D. Cal. 1996); Lockheed Missile & Space Co. v. Hughes Aircraft Co., 887 F.Supp. 1320, 1323 (N.D. Cal. 1995); Welker v. Cicerone, 174 F.Supp.2d 1055, 1062 (C.D. Cal. 2001). A plaintiff seeking a preliminary injunction must establish: (1) that she is likely to succeed on the merits, (2) that she is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in her favor, and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008); Park Vill. Apt. Tenants Ass'n v. Mortimer Howard Trust, 636 F.3d 1150, 1160 (9th Cir. 2011).

---

[1] All documents from the Superior Court have not been provided to this court.

[2] It is unclear what, if anything, factually or procedurally occurred between May 16, 2012 and May 31, 2012.

2

## DISCUSSION

A temporary restraining order is warranted. First, Plaintiff has shown a likelihood of success on at least her claim based on violations of California Civil Code § 2924b. Plaintiff's declaration shows that she was not provided with notice that Defendants had filed a Notice of Default or Notice of Sale. With respect to irreparable injury, a plaintiff's loss of her residence is usually sufficient to satisfy this element. Cf. Park Village Apartment Tenants Ass'n v. Mortimer Howard Trust, 636 F.3d 1150 (9th Cir.2011) (holding eviction of Section 8 housing tenants constitutes irreparable injury). While it is true California law may foreclose Plaintiff's arguments based on Defendants' failure to obtain possession of the original note before initiating foreclosure, see, e.g., Flowers v. Wells Fargo Bank, 2011 WL 2748650, at *4 (N.D.Cal. July 13, 2011), Plaintiff has still provided she is likely to succeed on the merits of her notice claims. In addition, the balance of equities favor Plaintiff. While Plaintiff filed the pending motion less than a week in advance of the scheduled foreclosure sale, Plaintiff had already received a temporary restraining order stopping the sale in Superior Court prior to Defendants removing this action to this court. Given the fact Defendants were restrained from selling the property until at least May 23, 2012, there is little additional harm to Defendants if this court restrains them from selling the property for an additional two weeks. In addition, Defendants' interests are secured by the Deed of Trust, and further briefing will allow Defendants to provide evidence before any permanent injunction is granted in this action. Finally, since the trustee's sale is set to occur on June 15, 2012, the court does not believe that further notice, beyond electronic service, of the motion for a temporary restraining order is practicable.

## CONCLUSION AND ORDER

Plaintiff moves for a temporary restraining order that would restrain Defendants from conducting a trustee sale on the Property. After considering the motion, Plaintiff has sufficiently established a likelihood of success, irreparable injury, and that the balance of hardships and public interest weigh in her favor. As such, the court will grant Plaintiff's request.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a temporary restraining order is GRANTED;

3

2. Defendants are RESTRAINED from proceeding with the Trustee Sale, currently set for June 15, 2012, until further order of the court.

3. Defendants shall appear on July 2, 2012, at 1:30 p.m. in Courtroom Two and SHOW CAUSE why a Preliminary Injunction should not be granted that restrains and enjoins Defendants from proceeding with the Trustee Sale;

4. Defendants shall file an opposition to Plaintiff's request for preliminary injunction on or before June 21, 2012, and

5. Plantiff shall file any reply on or by 3:00 p.m. on June 26, 2012.

IT IS SO ORDERED:

DATED: 6-13-12

ANTHONY W. ISHII, Chief Judge

2