Christopher A. Carr (# 44444)
    ccarr@afrct.com
Kenneth A. Franklin (# 143809)
    kfranklin@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
    CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Telephone:  (626) 535-1900
Facsimile:   (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A., successor
by merger with Wells Fargo Bank
Southwest, N.A., f/k/a Wachovia Mortgage,
FSB, f/k/a World Savings Bank, FSB
("Wells Fargo") (erroneously sued as "Wells
Fargo Home Mortgage")

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| MARSHA KILGORE, | CASE NO.:  1:12-cv-00899-AWI-SMSx |
| Plaintiff, | [The Honorable Anthony W. Ishii] |
| vs. | |
| WELLS FARGO HOME MORTGAGE, a division of Wells Fargo Bank, N.A., and its Successors and Assigns:  the successor in interest through the merger with Wells Fargo Bank, Southwest, the Successor in Interest to Wachovia Mortgage, a.k.a, Wachovia Mortgage, a division of Wells Fargo Bank, N.A., and f.k.a, Wachovia Mortgage, F.S.B., the successor in interest to and f.k.a, World Savings, F.S.B.; REGIONAL TRUSTEE SERVICES CORPORATION; EMMITT LEWIS, an individual; FRED LACKER, and individual; | **DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP RULES 8, 9(b) AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES** |
| Defendants.' | Date:       July 23, 2012<br>Time:       1:30 p.m.<br>Ctrm:       2, 8th Floor |

TO PLAINTIFF AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on July 23, 2012 at 1:30 p.m., in Courtroom 2 on the 8th

Floor of the above-entitled Court, located at 2500 Tulare Street, Fresno, California 93721, the

*ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP*

1  Honorable Anthony W. Ishii presiding, defendant WELLS FARGO BANK, N.A., successor by

2  merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World

3  Savings Bank, FSB ("Wells Fargo") (erroneously sued herein as Wells Fargo Home Mortgage,

4  [etc.]") will move to dismiss plaintiff's claims for relief in her complaint pursuant to FRCP 8,

5  9(b) and 12(b)(6).

6      Grounds for the motion are:[1]

7      1.      First Claim:  Wrongful Foreclosure, Statutory Violation

8      Plaintiff fails to state a claim for relief because:  (i) this claim is preempted by the Home

9  Owners Loan Act ("HOLA");  (ii) plaintiff has not pled the elements of wrongful foreclosure;

10  (iii) judicially noticeable documents demonstrate that Wells Fargo owned the note and was

11  entitled to enforce its rights under the deed of trust; (iv) Wells Fargo is not required to provide

12  evidence of its ownership of the note to proceed with a foreclosure; and (v) the claim fails to

13  satisfy the requirements of Rule 8.

14      2.      Second and Fifth Claims:  Fraud

15      Plaintiff fails to state a claim for relief because:  (i) this claim is preempted by HOLA;

16  (ii) plaintiff has not pled the elements of fraud; (iii) plaintiff has not pled fraud with the

17  specificity required by Rule 9; (iv) the claims fail to satisfy the requirements of Rule 8; and (v)

18  the claims are time barred.

19      3.      Third Claim:  Violation of TILA

20      Plaintiff fails to state a claim for relief because:  (i)  the claim fails to satisfy the

21  requirements of Rule 8; (ii) plaintiff has not alleged the ability to tender the debt; and (iii) the

22  claim is time barred.

23      4.      Fourth Claim:  Violation of RESPA

24      Plaintiff fails to state a claim for relief because:  (i)  the claim fails to satisfy the

25  requirements of Rule 8; and (ii) the claim is time barred.

26

27  _____

[1] The claims identified in the caption of the complaint do not match the claim pled in the body of

28  the complaint.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

5.      Sixth Claim:  Violation of Business and Profession Code § 17200

Plaintiff fails to state a claim for relief because:  (i) this claim is preempted by HOLA; (ii) the claim fails to satisfy the requirements of Rule 8; (iii) plaintiff has not alleged the elements of a UCL claim; and (iv) the claim is time barred.

6.      Seventh Claim:  Breach of Contract

Plaintiff fails to state a claim for relief because:  (i) this claim is preempted by HOLA; (ii) the claim fails to satisfy the requirements of Rule 8; (iii) the claim is time barred; and (iv) plaintiff has failed to allege the elements of breach of contract.

7.      Eighth Claim:  Elder Abuse

Plaintiff fails to state a claim for relief because:  (i) this claim is preempted by HOLA; (ii) plaintiff has not pled the elements of elder abuse; and (iii) the claim is time barred.

8.      Ninth Claim:  For Temporary Restraining Order[2]

Plaintiff fails to state a claim for relief because:  (i) the claim fails to satisfy the requirements of Rule 8; and (ii) a claim for a temporary restraining order is not a claim for relief.

The motion will be based on this notice, the attached memorandum of points and authorities, the accompanying request for judicial notice, the Court file in this action and on Wells Fargo's argument at the hearing.

Respectfully submitted,

Dated:  June 13, 2012                    ANGLIN, FLEWELLING, RASMUSSEN,
                                        CAMPBELL & TRYTTEN LLP


By:   /s/ Kenneth A. Franklin
      Kenneth A. Franklin
      kfranklin@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo") (erroneously sued as "Wells Fargo Home Mortgage")

---

[2] The ninth claim is incorrectly identified in the as the tenth claim in the complaint.

1

**TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 1

1.    INTRODUCTION .............................................................................................................. 1

2.    SUMMARY OF THE COMPLAINT AND JUDICIALLY NOTICEABLE
      DOCUMENTS ..................................................................................................................... 1

3.    PLAINTIFF'S COMPLAINT FAILS TO SATISFY THE RULE 8
      PLEADING REQUIREMENTS ...................................................................................... 1

4.    SIX OF PLAINTIFF'S SEVEN CLAIMS ARE TIME-BARRED ............................ 2

5.    PLAINTIFF'S CLAIMS AGAINST WELLS FARGO ARE PREEMPTED BY
      THE HOME OWNERS' LOAN ACT ............................................................................ 4

      A.    World Savings Was a Federally Chartered Federal Savings Bank,
            Operating Under HOLA at the Time of Loan Origination ................................... 4

      B.    The HOLA Regulations Preempt the Entire Filed of Lending Regulation ........... 5

      C.    State Laws Preempted by HOLA ............................................................................ 5

      D.    The Application of HOLA Preempts Plaintiff's Claims ........................................ 6

            i.     Plaintiff's Frist Claim For Relief (Wrongful Foreclosure) ...................... 6

            ii.    Plaintiff's Remaining Claims For Relief Relate To The Loan
                   Origination And Are Preempted ............................................................... 7

6.    PLAINTIFF'S CLAIM FOR WRONGFUL FORECLOSURE, STATUTORY
      VIOLATION FAILS (FIRST CLAIM) ......................................................................... 10

      A.    Plaintiff's "Note Ownership" Claim Is Not Actionable ..................................... 10

      B.    The Judicially Noticeable Documents Establish That Wells Fargo Has
            Standing to Foreclose On The Deed of Trust ...................................................... 10

      C.    The Foreclosure Is Governed Solely by Civil Code § 2924 et seq. .................... 12

7.    THE FRAUD CLAIMS FAIL TO MEET THE RULE 9 STANDARDS
      (SECOND AND FIFTH CLAIMS) ............................................................................... 12

8.    PLAINTIFF CANNOT STATE A VIABLE TILA CLAIM (THIRD CLAIM) ........... 13

9.    PLAINTIFF'S BUSINESS & PROFESSIONS CODE § 17200 CLAIM IS
      CONCLUSORY AND MERITLESS (SIXTH CLAIM) ............................................. 14

      A.    Plaintiff Fails To Allege Sufficient Facts To Show The Required Elements
            With The Required Specificity ............................................................................. 14

      B.    Plaintiff Has No Standing To Allege A Claim ................................................... 16

10.   PLAINTIFF'S BREACH OF CONTRACT CLAIM IS DEVOID OF ANY
      FACTS (SEVENTH CLAIM) ....................................................................................... 16

11.   PLAINTIFF'S CLAIM FOR ELDER ABUSE FAILS BECAUSE EXTENDING
      CREDIT DOES NOT CONSTITUTE ELDER ABUSE (EIGHTH CLAIM) ............... 17

12.   PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF FAILS (NINTH CLAIM) ......... 18

13.   CONCLUSION ............................................................................................................... 19

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Ahmed v. Wells Fargo Bank*,
  2011 U.S. Dist. LEXIS 49526 (N.D. Cal. May 9, 2011) ............................................7

*Alford v. Wachovia Bank/World Savings Bank*,
  2010 U.S. Dist. LEXIS 14060 (E.D. Cal. Jan. 26, 2010)...........................................10

*Amaral v. Wachovia Mortgage*,
  692 F. Supp. 2d 1226 (E.D. Cal. 2010)........................................................................8

*Andrade v. Wachovia Mortgage, FSB*,
  2009 U.S. Dist. LEXIS 34872 (S.D. Cal. April 21, 2009)....................................8, 14

*Ashcroft v. Iqbal*,
  129 U.S. 1937 (2009).............................................................................................1, 2

*Beach v. Ocwen Federal Bank*,
  523 U.S. 410, 118 S. Ct. 1408 (1998)..........................................................................3

*Becker v. Wells Fargo Bank, N.A.*,
  U.S. Dist. LEXIS 29687 (E.D. Cal. March 11, 2011) ...............................................7

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)......................................................................................................2

*DeLeon v. Wells Fargo Bank, N.A.*,
  729 F. Supp. 2d 1119 (N.D. Cal. 2010) ......................................................................4

*DeLeon v. Wells Fargo Bank, N.A*,
  2011 U.S. Dist. LEXIS 8296 [N.D. Cal. 2011; Koh, J]...............................................7

*Garcia v. Wachovia Mortg. Corp.*,
  2009 U.S. Dist. LEXIS 99308 (C.D. Cal. 2009).......................................................14

*Garcia v. Wachovia Mortg. Corp.*,
  676 F. Supp. 2d 895 (C.D. Cal. Oct. 14, 2009).....................................................9, 15

*Garza v. Am. Home Mort.*,
  2009 U.S. Dist. LEXIS 7448 (E.D. Cal. Jan. 26, 2009) ...........................................14

*Glen Holly Entertainment, Inc. v. Tektronix, Inc.*,
  100 F. Supp. 2d 1086 (C.D. Cal. 1999) .....................................................................12

*Guerrero v. Wells Fargo Bank, N.A.*,
  2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010).........................................5

*Hafiz v. Greenpoint Mortgage Funding, Inc.*,
  652 F. Supp. 2d 1039 (N.D. Cal. 2009) ....................................................................10

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Hague v. Wells Fargo Bank, N.A.*,
    2011 U.S. Dist. LEXIS 84695 (N.D. Cal. Aug. 2, 2011)...................................11, 12

*Hunt v. Wells Fargo Bank, N.A.*,
    U.S. Dist. LEXIS 29110 (E.D. Cal. March 21, 2011) ............................................7

*In re GlenFed Securities Litig.*,
    42 F. 3d 1541 (9th Cir. 1994) ...............................................................................13

*In re Ocwen Loan Servicing, LLC Mortg. Servicing Litig.*,
    491 F. 3d 638 (7th Cir. 2007) .................................................................................5

*LaGrone v. Johnson*,
    534 F.2d 1360 (9th Cir. 1974) ..............................................................................14

*McGill v. Wachovia Mortg., FSB Loan*,
    2010 U.S. Dist. LEXIS 43393 (E.D. Cal. March 3, 2010) ....................................18

*Meyer v. Ameriquest Mortgage Co.*,
    342 F.3d 899 (9th Cir. 2003) ..................................................................................3

*Moore v. Kayport Package Express, Inc.*,
    885 F. 2d 531 (9th Cir. 1989) ...............................................................................13

*Nava v. Virtual Bank, et al.*,
    2008 U.S. Dist. LEXIS 72819 (E.D. Cal 2008)...................................................8, 9

*Neu v. Terminix Int'l, Inc.*,
    2008 U.S. Dist. LEXIS 32844 (N.D. Cal. April 8, 2008).......................................15

*Neubronner v. Milken*,
    6 F.3d 666 (9th Cir. 1993) ....................................................................................12

*Nevis v. Wells Fargo Bank*,
    2007 U.S. Dist. LEXIS 65932 (N.D. Cal. Sept. 6, 2007) ......................................18

*Pagtalunan v. Reunion Mortg., Inc.*,
    2009 U.S. Dist. LEXIS 34811 (N.D. Cal. 2009) ..................................................14

*Perfect 10, Inc. v. Visa Int'l Serv. Assoc.*,
    494 F.3d 788 (9th Cir. 2007) ................................................................................16

*Quintos v. Decision One Mortgage Co., LLC*,
    2008 U.S. Dist. LEXIS 104503 (S.D. Cal. 2008) .................................................10

*Reganit v. Kay-Co. Invs.*,
    2009 U.S. Dist. LEXIS 34883 (E.D. Cal. 2009)....................................................14

*Rosal v. First Fed. Bank of Cal.*,
    2009 U.S. Dist. LEXIS 60400 (N.D. Cal. July 15, 2009)..................................14, 15

*Silvas v. E\*Trade Mortgage Corp.*,
   514 F. 3d 1001 (9th Cir., 2008) ...................................................................5

*Stefan v. Wachovia, World Savings*,
   2009 U.S. Dist. LEXIS 113480 (N.D. Cal. Dec. 7, 2009) ..........................9

*Taguinod v. World Sav. Bank*,
   2010 U.S. dist. LEXIS 127677 (C.D. Cal. Dec. 2, 2010) ...........................5

*Tapia v. Aurora Loan Services, LLC*,
   2009 U.S. Dist. LEXIS 82063 (E.D. Cal. 2009)........................................19

*Winding v. Cal-Western Reconveyance Corp.*,
   2011 U.S. Dist. LEXIS 8962 (E.D. Cal. Jan. 21, 2011) ..............................6

*Wool v. Tandem Computers, Inc.*,
   818 F.2d 1433 (9th Cir. 1987) ...................................................................13

*Yamamoto v. Bank of N.Y.*,
   329 F.3d 1167 (9th Cir. 2003) ...................................................................13

**STATE CASES**

*Benun v. Superior Court*,
   123 Cal. App. 4th 113 (2003) ......................................................................4

*Calvo v. HSBC Bank, USA, N.A.*,
   199 Cal. App. 4th 118 (2011) ....................................................................10

*Careau & Co. v. Security Pacific Business Credit, Inc.*,
   222 Cal. App. 3d 1371 (1990) ...................................................................17

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*,
   20 Cal.4th 163 (1999) ................................................................................15

*Daro v. Superior Court*,
   151 Cal. App. 4th 1079 (2007) ..................................................................16

*Das v. Bank of America, N.A.*,
   186 Cal. App. 4th 727 (2010) ....................................................................18

*Emery v. Visa Int'l Serv. Assoc.*,
   95 Cal.App.4th 952 (2002) .........................................................................16

*Farmers Insurance Exchange v. Superior Court*,
   2 Cal.4th 377 (1992) ..................................................................................14

*Gomes v. Countrywide*,
   192 Cal. App. 4th 1149 (2011) ..................................................................10

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Hall v. Time, Inc.*,
  158 Cal. App. 4th 847 (2008) ...................................................................16

*Hoary v. Mali's of Cal., Inc.*,
  14 Cal. App. 4th 612 (1993) ....................................................................14

*Korea Supply Co. v. Lockheed Martin Corp.*,
  29 Cal.4th 1134 (2003) ...........................................................................14

*Lopez v. World Savings & Loan Association*,
  105 Cal. App. 4th 729 (2003) ....................................................................5

*McDowell v. Watson*,
  59 Cal. App. 4th 1155 (1997) ..................................................................19

*Moeller v. Lien*,
  25 Cal. App. 4th 822 (1994) ....................................................................12

*Shell Oil Co. v. Richter*,
  52 Cal. App. 2d 164 (1942) .....................................................................18

*Stockwell v. Newman*,
  7 Cal. App. 413 (1908) ............................................................................10

*Western Security Bank v. Superior Court*
  15 Cal. 4th 232 (1997) ..............................................................................4

*White v. Ultramar*,
  21 Cal. 4th 563 (1999) ............................................................................18

*Wilhelm v. Pray, Price, Williams & Russell*,
  186 Cal. App. 3d 1324 (1986) .................................................................12

**FEDERAL STATUTES**

12 U.S.C. § 1461 *et seq.*................................................................................4

12 U.S.C. § 2614.............................................................................................3

15 U.S.C. § 1635(b) and (f) .......................................................................3, 13

15 U.S.C. § 1640(e) ........................................................................................3

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 ...................................................................14

Cal. Bus. & Prof. Code § 17204 ...................................................................16

Cal. Bus. & Prof. Code § 17208 .....................................................................3

Cal. Civ. Code § 1624 ............................................................................................................12

Cal. Civ. Code § 1916.7 ..........................................................................................................9

Cal. Civ. Code § 1916.10 ........................................................................................................9

Cal. Civ. Code §§ 1918.5-1921 ..............................................................................................9

Cal. Civ. Code §§ 2924 through 2924(k) .............................................................................12

Cal. Civ. Code § 3294 ...........................................................................................................18

Cal. Civ. Proc. Code § 335.1 ..................................................................................................4

Cal. Civ. Proc. Code § 337 ................................................................................................4, 17

Cal. Civ. Proc. Code § 338(d) .................................................................................................3

Cal. Com. Code § 3301 .........................................................................................................12

Cal. Fin. Code § 22302 ............................................................................................................8

Cal. Welf. & Inst. Code § 15610.30(a) .................................................................................17

Cal. Welf. & Inst. Code §§ 15610.30(a)(1)-(2) ....................................................................17

Cal. Welf. & Inst. Code § 15657(c) ......................................................................................18

**RULES**

Fed. R. Civ. P. 8 ..................................................................................................................1, 13

Fed. R. Civ. P. 9 ................................................................................................................13, 14

Fed. R. Civ. P. 9(b) ...........................................................................................................12, 13

Fed. R. Civ. P. 12(b)(6) ...........................................................................................................1

**REGULATIONS**

12 C.F.R. § 541.11 ...................................................................................................................4

12 C.F.R. § 545.2 .....................................................................................................................5

12 C.F.R. § 560.2 ..................................................................................................................5, 6

12 C.F.R. § 560.2(b) .......................................................................................................5, 6, 8, 9

12 C.F.R. § 560.2(b)(4), (5), (9), (10) .............................................................................. passim

61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996) ....................................................................5

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.     INTRODUCTION**

This action arises from a secured loan made by World Savings Bank, FSB ("World Savings") to plaintiff in 2006.  The loan fell into default, leading to the initiation of a foreclosure of the real property that plaintiff pledged to secure the loan.

**2.     SUMMARY OF THE COMPLAINT AND JUDICIALLY NOTICEABLE DOCUMENTS**

On or about October 31, 2006, plaintiff borrowed $177,500 from World Savings.  (Comp. ¶¶ 12-13; A copy of the deed of trust attached to the Request for Judicial Notice ("RJN") as Exh. A.)  The loan was memorialized by a promissory note and secured by a deed of trust recorded against 728 East Magill Avenue, Fresno, California (the "Property").  ( RJN, Exh. A.)

On December 31, 2007, World Savings changed its name to Wachovia Mortgage, FSB.  It underwent a second name change to Wells Fargo Bank Southwest, N.A. before merging with Wells Fargo Bank, N.A. in November, 2009.  It is currently known as Wells Fargo Bank, N.A. ("Wells Fargo").  (RJN, Exhs. B, C, D and E are certificates issued by the Office of Thrift Supervision and Office of the Comptroller of the Currency that acknowledge the federal savings bank charter, authorize the name changes, and approve the merger; RJN, Exh. F is a printout from the FDIC website showing the history of World Savings.)

Plaintiff defaulted on her loan in 2010, prompting the recording of a notice of default on October 21, 2011.  (RJN, Exh. G is a copy of the recorded notice of default; Comp. ¶ 24.)  A notice of substitution of trustee was recorded on October 18, 2011.  (RJN, Exh. H is a copy of the substitution of trustee.)  As the default was not cured, a notice of trustee's sale was recorded on January 24, 2012.  (RJN, Exh. I is a copy of the recorded notice of trustee's sale; Comp ¶ 24.)

**3.     PLAINTIFF'S COMPLAINT FAILS TO SATISFY THE RULE 8 PLEADING REQUIREMENTS**

Rule 8 of the Federal Rules of Civil Procedure requires some meaningful factual information to be alleged for a claim to survive a Rule 12(b)(6) motion.  As stated in *Ashcroft v. Iqbal*, 129 U.S. 1937, 1949 (2009):

1
2
3
4

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation.  [citation].  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of cause of action will not do." [citation].  Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement."

5       To survive a motion to dismiss under this standard, "a complaint must contain sufficient

6   factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Iqbal*, 129

7   U.S. at 1949.  Coupled with the recent decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544

8   (2007), pleading requirements are now sharpened.  Taken together, these cases establish that a

9   plaintiff must "allege enough facts to state a claim to relief that is plausible on its face;" in other

10  words, the standard became "plausible," not "conceivable." *Twombly*, 550 U.S. at 557.

11      The complaint in this case falls well short of this standard.  It contains very few factual

12  allegations and relies on improper labels and legal conclusions, which are not entitled to the

13  presumption of truth. *Iqbal* at 1949-50.  The complaint is a confusing compilation of vague

14  claims intermingled over eight claims for relief.  It is not sufficiently pled to allow Wells Fargo

15  to meaningfully respond.  Wells Fargo would be required to guess as to what claims are being

16  asserted and the basis for those claims.  It is impossible for Wells Fargo to adequately respond to

17  the complaint in its current state.  Since there is an absence of factual allegations to demonstrate

18  a plausible connection between plaintiff's alleged harm and Wells Fargo's conduct, the motion to

19  dismiss should be granted.

20  **4.    SIX OF PLAINTIFF'S SEVEN CLAIMS ARE TIME-BARRED**

21      Plaintiff obtained a loan from World Savings in October 2006 (Comp. ¶ 33; RJN, Exhs.

22  A), yet plaintiff did not file this action until more than five years later on May 14, 2012.  Thus,

23  any claim with a five-year or less limitations period must fail.  For the following reasons, six of

24  plaintiffs' claims are time barred.

25      •    <u>Second Claim (Wrongful Foreclosure, Fraud)</u>:  This claim is vague and virtually

26  incomprehensible.  It appears to be based on alleged fraud in the loan origination in 2006.

27  (Comp. ¶¶ 32-42.)  Specifically, plaintiff alleges that "the process in which she was induced to

28  enter into the transaction with the original note which defendants are now foreclosing was

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

CASE NO.:  1:12-CV-00899-AWI-SMSX
MEMORANDUM OF POINTS AND
AUTHORITIES

permeated with fraud and undue influence.  (Comp. ¶ 32.)  This claim is barred by the three-year statute of limitations for fraud found in Cal. Code of Civ. Proc. § 338(d).

• Third Claim (Truth In Lending Act):  Damage claims under the Truth in Lending Act must be brought within one year from the occurrence of the violation.  15 U.S.C. §1640(e).  The Ninth Circuit has held that a violation of the TILA disclosure requirements occurs and the one-year period commences to run when the loan documents are signed, provided there is no undisclosed credit term or fraudulent concealment that prevented discovery of the claim.  *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (a TILA claim was time-barred a mere one year and three months after loan origination, because reasonable diligence would have permitted plaintiff to discover whether TILA had been violated).[3]  Furthermore, any rescission claim must be brought within three years of loan consummation.  The United States Supreme Court held that "*section 1635(f)* completely extinguishes the right of rescission at the end of the 3-year period."  *Beach v. Ocwen Federal Bank,* 523 U.S. 410, 412, 118 S. Ct. 1408 (1998).

• Fourth Claim (Real Estate Settlement Procedures Act):  Plaintiff's RESPA claims are barred by either the one or three year statute of limitations provided for in 12 U.S.C. § 2614.

• Fifth Claims (Fraud):  Plaintiff's fraud claim is based upon the loan transactions in 2006.  Therefore, this claim is barred by the three-year statute of limitations for fraud found in Cal. Code of Civ. Proc. §338(d).  There is no dispute that plaintiff knew about the alleged fraud immediately after the loan was funded in 2006.  (*See* footnote 3.)

• Sixth Claim (Unfair Business Practices):  This claim is vague and virtually incomprehensible.  It appears to be based on alleged fraud in the loan origination in 2006.  (Comp. ¶ 78.)  This claim is barred by the four-year statute of limitations provided for in Bus. & Prof. Code § 17208.

• Seventh Claim (Breach of Contract):  Plaintiff claims that World Saving [now Wells Fargo] breach the contract by not honoring her request to cancel the loan transaction three

---

[3] It is beyond dispute that plaintiff knew of should have known of any dispute immediately upon conclusion of the loan transaction as plaintiff asserts she examined the loan document concluded that she had been defrauded and attempted to cancel the transaction.  (Comp. ¶¶89-92.)

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

days after she signed the Loan documents in 2006. (Comp. ¶ 92.) This claim is barred by the four-year statute of limitations set forth in Code of Civil Procedure § 337.

- **Eighth Claim (Elder Abuse):** This claim is vague and virtually incomprehensible. It appears to be based on alleged fraud in the loan origination in 2006. (Comp. ¶ 99.) The claim is barred by the two year statute of limitations. *See* Cal. Code Civ. Proc. CCP § 335.1. *Benun v. Superior Court*, 123 Cal. App. 4th 113, 126 (2003) ("The [CCP] section 335.1 statute of limitations… is facially applicable to elder abuse actions and provides a two-year limitation period….").[4]

## 5. PLAINTIFF'S CLAIMS AGAINST WELLS FARGO ARE PREEMPTED BY THE HOME OWNERS' LOAN ACT

Plaintiff's claims are preempted by the Home Owners' Loan Act, 12 U.S.C. § 1461 *et seq*. ("HOLA").

### A. World Savings Was a Federally Chartered Federal Savings Bank, Operating Under HOLA at the Time of Loan Origination

World Savings was a federal savings bank regulated by the OTS at the time of loan origination in 2007. (RJN, Exhs. B, C, D and E include copies of documents from the OTS declaring that World Savings was a federal savings bank.) HOLA governs the operations of a "federal savings association," which by definition includes federally chartered savings banks. 12 C.F.R. § 541.11. World Savings' lending operations were therefore governed by HOLA.[5]

---

[4] The Legislature amended section 15657.5 in 2008 and added section 15657.7, which creates a four-year statute of limitations within which to bring an action for damages based on financial abuse of an elder. The amendments, which became effective January 1, 2009, do not apply retroactively. *Western Security Bank v. Superior Court* 15 Cal.4th 232, 243 (1997) ("A basic canon of statutory interpretation is that statutes do not operate retrospectively unless the Legislature plainly intended them to do so."). Even if the four year statute of limitations applied the claim is still barred.

[5] HOLA still applies even though Wachovia Mortgage, which is now a division of Wells Fargo Bank, N.A. is no longer chartered as a federal savings bank. *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1126, (N.D. Cal. 2010) ("Wells Fargo notes that at the time the loan was made to the DeLeons [plaintiffs], 'World Savings Bank, FSB was a federally chartered savings bank organized and operating under HOLA and observes correctly that the same preemption analysis would apply to any alleged misconduct after November 1, 2009, when the lender

4

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**B.     The HOLA Regulations Preempt the Entire Filed of Lending Regulation**

Through its regulatory authority, the OTS "occupies the entire field of lending regulation for federal savings associations." 12 C.F.R. § 560.2.  OTS regulations issued pursuant to HOLA are "intended to preempt all state laws purporting to regulate any aspect of the lending operations of a federally chartered savings association, whether or not OTS has adopted a regulation governing the precise subject of the state provision." *Lopez v. World Savings & Loan Association*, 105 Cal. App. 4th 729, 738 (2003); *See* 12 C.F.R. § 545.2.

Preemption analysis under HOLA is simple, as the OTS Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996) instructs.  Step one determines whether the type of state law at issue appears on the list set forth in 12 C.F.R. § 560.2(b).  That regulation lists the types of state laws that HOLA preempts.  If the type of state law in question appears on the list, the analysis ends there and the law is preempted.  There is no step two.

As the Ninth Circuit observed in *Silvas v. E*Trade Mortgage Corp.*, 514 F. 3d 1001, 1004-05 (9th Cir., 2008), the OTS's construction of its own regulation 560.2 "must be given controlling weight."  The court went on to declare that any presumption against preemption of state law does not apply to HOLA, and that any doubt should be resolved in favor of preemption.

**C.     State Laws Preempted by HOLA**

The *Silvas* Court described the HOLA regulations as "so pervasive as to leave no room for state regulatory control."  Among those regulations are OTS regulations 560.2(b)(4), (5), and (10), which preempt state laws that would impose requirements on federal savings banks regarding:

(b)(4) **The terms of credit, including** amortization of loans and the deferral and

---

merged into a national savings banking association.); *Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010) ("Where a national association, such as [Wells Fargo Bank, N.A.], acquires the loan of a federal savings bank, it is proper to apply preemption under HOLA."); *In re Ocwen  Loan Servicing, LLC Mortg. Servicing Litig.*, 491 F. 3d 638, 642 (7th Cir. 2007) (defendant could rely on the HOLA preemption defense, although it had given up its federal thrift charter, because it was a federal savings association when the loan was made.); *Taguinod v. World Sav. Bank*, 2010 U.S. dist. LEXIS 127677, *19-20 (C.D. Cal. Dec. 2, 2010) (HOLA preemption applied to claim which arose after Wachovia merged into Wells Fargo Bank, N.A.).

CASE NO.:  1:12-CV-00899-AWI-SMSX
MEMORANDUM OF POINTS AND
AUTHORITIES

*(vertical, left margin)* ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**capitalization of interest and adjustments to the interest rate, balance, payments due,** or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan;

(b)(5) **Loan-related fees**, including without limitation, initial charges, late charges, prepayment penalties, servicing fees, and overlimit fees;

(b)(10) **Processing, origination, servicing**, sale or purchase of, or investment or participation in, **mortgages**; 12 C.F.R. § 560.2(b)(10)." (Emphasis added).

### D.      The Application of HOLA Preempts Plaintiff's Claims

All of plaintiff's state law claims trigger the "terms of credit," and "origination, servicing sale or purchase of, or investment or participation in, mortgages" clauses under § 560.2(b)(4) and (10).

### i.      Plaintiff's Frist Claim For Relief (Wrongful Foreclosure)

Plaintiff's first claim for relief is really a "note-ownership" claim.  Plaintiff's first claim for relief is based upon the claim that Wells Fargo does not own the note and did not properly assign the note and deed of trust.  (Comp. ¶ 24.)  Specifically, plaintiff alleges that "the foreclosure is invalid because . . . . foreclosing trustee is not in possession of the original Note, and that the Note, when it was assigned to the current beneficiary, did not convey the power of sale . . . . [and] was no longer a negotiable instrument . . . ." (*Id.*)

Plaintiff's claim is  preempted by § 560.2(b)(10).  In *Winding v. Cal-Western Reconveyance Corp.*, 2011 U.S. Dist. LEXIS 8962, *33-34 (E.D. Cal. Jan. 21, 2011) the Court confirmed that claims relating to ownership of the note are preempted by HOLA.  ("Wells Fargo characterizes the "heart" of the complaint's claims as "negotiable instrument" transfer and ownership and that allegations to such effect fall within section 560.2(b)(1) as challenge to a "sale or purchase of" a "mortgage" originated by a savings bank.  Wells Fargo is correct that section 560.2 preempts the complaint's allegations as to misconduct surrounding foreclosure originating from negotiable instrument issues.  HOLA preemption further warrants dismissal of the complaint's claims given that they address "sale or purchase of . . . or participation in, mortgages.")

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

CASE NO.:  1:12-CV-00899-AWI-SMSX
MEMORANDUM OF POINTS AND
AUTHORITIES

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Likewise, in *Ahmed v. Wells Fargo Bank*, 2011 U.S. Dist. LEXIS 49526 (N.D. Cal.

2  May 9, 2011) the Court dismissed *with prejudice* claims based on allegations that Wells Fargo

3  "did not possess the promissory note" or "are not the legal owners of the note and Trust Deed"

4  because such claims are preempted by HOLA.  *Id.* at *8-*9; *Becker v. Wells Fargo Bank, N.A.*,

5  (E.D. Cal. March 11, 2011) U.S. Dist. LEXIS 29687 at *56-58 (HOLA preempted claims based

6  on allegations that defendants were not the "true holder" of the note); *Hunt v. Wells Fargo Bank,*

7  *N.A.*, (E.D. Cal. March 21, 2011) U.S. Dist. LEXIS 29110 at *2-3;[6] (HOLA preempted quiet title

8  and slander claims rooted in allegations that Wells Fargo was "not entitled to ownership of the

9  loan").

10    To the extent that plaintiff's claim relates to the foreclosure process beyond the note

11  ownership claim, it is also preempted by HOLA.  In *DeLeon v. Wells Fargo Bank, N.A* , 2011

12  U.S. Dist. LEXIS 8296 *15,16[N.D. Cal. 2011; Koh, J] the Court held:

13          [n]umerous district courts have held that state laws requiring banks to
          provide specific notices or disclosures during the foreclosure process are
14          preempted by HOLA. *See*, e.g., *Giordano v. Wachovia Mortg., FSB,* No.
          5:10-cv-04661-JF, 2010 U.S. Dist. LEXIS 136284, 2010 WL 5148428, at
15          *3-4 (N.D. Cal. Dec. 14, 2010) (finding that HOLA preempts state laws
          setting forth procedures for filing a notice of default and conducting a
16          foreclosure sale); *Odinma v. Aurora Loan Services,* No. C-09-4674 EDL,
          2010 U.S. Dist. LEXIS 28347, 2010 WL 1199886, at *8 (N.D. Cal. Mar.
17          23, 2010) (holding that state law requiring notice of default is preempted).
          This Court agrees that a UCL claim premised on failure to provide
18          adequate notice of a trustee's sale would impose requirements directly
          relating to the processing, servicing, or participation in mortgages and is
19          therefore preempted pursuant to 12 C.F.R. 560.2(b)(10).

20    **ii.    Plaintiff's Remaining Claims For Relief Relate To The Loan Origination**

21         **And Are Preempted**

22    Plaintiff's remaining claims are based on allegations concerning the **processing and**

23  **origination of plaintiffs' mortgage**, the lack of sufficient **disclosures**, the **terms** of the loan,

24  and **underwriting** standards.  All are preempted by HOLA.  12 C.F.R. § 560.2(b)(4), (5), (10).

25  Essentially, plaintiff claims that she was not provided with proper disclosures, that her income

26  did not support the loan, that the Property was over-appraised, that she should not have been

27

28  [6]  After the District Court granted Wells Fargo's motion to dismiss and dismissed the case with
prejudice, plaintiffs filed a notice of appeal.

1   encouraged to refinance her existing loan and that she should have been given a  fixed rate loan.

2   (*See generally*, Comp. ¶¶ 36, 48, 60.)

3        Recent federal case law has concluded that these claims are "universally" preempted.  For

4   example:

5        In *Bassett v. Ruggles*, 2009 U.S. Dist. LEXIS 83349 (E.D. Cal. September
         14, 2009), the District Court, after surveying the landscape of HOLA

6        preemption case law, concluded that the cases "universally indicate
         Plaintiffs' claims based on fraud or conspiracy to breach fiduciary duties

7        against Flagstar based on the allegation that Ruggles/IGS induced
         Plaintiffs to enter into a loan with an interest rate higher than Plaintiffs

8        were qualified for will be preempted by HOLA." *Id.* at *60.  The Bassett
         court also dismissed, without leave to amend, plaintiff's claim "based on

9        the alleged nondisclosure of the yield spread premium or the payment of
         the yield spread premium." *Id.*

10

11        In *Andrade v. Wachovia Mortgage, FSB,* 2009 U.S. Dist. LEXIS 34872 *6-*9 (S.D. Cal.

12   April 21, 2009)*,* plaintiff asserted various state law claims including quiet title, fraud, and

13   rescission.  The Court ruled that such claims were expressly preempted by 12 C.F.R. § 560.2(b),

14   reasoning that:  "Plaintiff's allegations revolve entirely around the 'processing, origination, [and]

15   servicing' of the Plaintiff's mortgage, including the 'terms of credit' offered, the 'loan-related

16   fees' charged, and the adequacy of disclosures made by Defendants in soliciting and settling the

17   loan. 12 C.F.R. § 560.2(b)(4), (9), (10).  Because the state laws on which Plaintiff relies, as

18   applied, would regulate lending activities expressly contemplated by § 560.2(b), the claims are

19   preempted." *Id.* at *9.  *See also*, *Amaral v. Wachovia Mortgage*, 692 F. Supp. 2d 1226, 1238

20   (E.D. Cal. 2010) ("Because Plaintiffs' fraud claim, as applied, bears on lending activities

21   expressly contemplated by *§ 560.2(b),* it is preempted.").

22        In *Nava v. Virtual Bank, et al.*, 2008 U.S. Dist. LEXIS 72819 *14-*23(E.D. Cal 2008),

23   the plaintiff sued for TILA violations, fraudulent omission, breach of contract, breach of implied

24   covenant, and violation of the UCL predicated on unfair or fraudulent business practices,

25   violations of TILA and violations of Financial Code §22302.  The court dismissed all three of the

26   UCL claims finding that they were preempted by HOLA.  *Id.* at *14-*23.  With respect to the

27   *Nava* UCL claim based on TILA violations, plaintiff's claim was primarily based on "a failure to

28   properly disclose and represent the true interest rate of the loan and that negative amortization

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   was certain to occur, as required by TILA." *Id*. at \*19.  The court found that this claim

2   "implicates § 560.2(b)(9) since its application would purport to impose requirements on the types

3   of disclosures made by defendants", and was preempted by HOLA.  *Id*. at \*19-\*20.  The court

4   further held that "plaintiff's UCL claim based on violation of TILA is also preempted by federal

5   law since its application would supplement TILA by changing TILA's framework."  *Id*. at \*20.

6        In *Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp. 2d 895, 913 (C.D. Cal. October 14,

7   2009), the plaintiff brought a state unfair competition claim, predicated *inter alia* on the loan's

8   negative amortization features and the lender's failure to provide an adjustable rate disclosure

9   notice.  The court held: "Here, as argued by Defendant, the claims relating to the loan's negative

10  amortization features and teaser rates, and failure to provide adjustable rate mortgage disclosure

11  notice, brought pursuant to California Civil Code §1916.7 and/or '1916.7 10 (c)' are preempted

12  by 12 C.F.R. §560.2(b)(4) and (b)(9).  The claim pursuant to California Civil Code §1916.10 for

13  improper failure to downwardly adjust a mortgage is rate is preempted by 12 C.F.R. §560.2(b)(4)

14  as well.  The claims relating to notification of changes in interest rate brought pursuant to

15  California Civil Code '§1918.5-1921.1920' are preempted by 12 C.F.R. §560.2(b)(4) as well.  To

16  the extent Plaintiff makes claims relating to inability to qualify for the loan she was given, these

17  are preempted by 12 C.F.R. §560.2(b)(10).  The court can identify no state law claims alleged

18  within the UCL claim that are not preempted by some portion of 12 C.F.R. §560.2(b)."  *Id.*

19        To the extent plaintiff claims relate to the foreclosure process they are also preempted.  In

20  *Stefan v. Wachovia, World Savings*, 2009 U.S. Dist. LEXIS 113480 \*8-9 (N.D. Cal. December 7,

21  2009), the Court applied HOLA preemption to state law wrongful foreclosure claims:

22              [t]he relief Plaintiff seeks under state tort and contract laws are of general
                applicability and do not explicitly regulate lending activities.  To the
23              extent that these state laws are applicable to the foreclosure process or the
                loan agreement itself, they are expressly preempted by section 560.2(b).
24              Specifically, plaintiff's claims of misconduct surrounding the foreclosure
                proceedings clearly fall under the preemption provisions for "processing,
25              origination, sale or purchase of ... mortgages" and "disclosure…").

26  / / /

27  / / /

28  / / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**6.     PLAINTIFF'S CLAIM FOR WRONGFUL FORECLOSURE, STATUTORY VIOLATION FAILS (FIRST CLAIM)**

   **A.     Plaintiff's "Note Ownership" Claim Is Not Actionable**

Plaintiff alleges that "none of these alleged beneficiaries . . . .have the original note  . . ." (Comp. ¶ 24.)  Wells Fargo need not establish its ownership of the note.  "Under California law, an 'allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid.'"  *Quintos v. Decision One Mortgage Co., LLC*, 2008 U.S. Dist. LEXIS 104503, *7 (S.D. Cal. 2008) (Court rejected a similar contention that defendants lacked standing to foreclose.); *Alford v. Wachovia Bank/World Savings Bank,* 2010 U.S. Dist. LEXIS 14060 at *36 - *37 (an "allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid.") (Citing *Neal v. Juarez*, 2007 U.S. Dist. LEXIS 98068, 2007 WL 2140640, *8 (S.D. Cal. 2007)); *Gomes v. Countrywide*, 192 Cal. App. 4th 1149, 1154 (2011) (Court rejected claims similar to those made by plaintiffs and held that a foreclosing lender was not required to prove ownership of the note); *Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009) ("[p]roduction of the original note is not required to proceed with a non-judicial foreclosure.")

In *Stockwell v. Newman*, 7 Cal. App. 413 (1908), a case relied upon by *Calvo v. HSBC Bank, USA, N.A.,* 199 Cal. App. 4th 118, 122 (2011), the Court held that "deeds of trust, which, instead of creating a lien only, as in the case of mortgage, passes the legal title to the trustee, thus enabling him in executing the trust to transfer to the purchaser a marketable record title.  It is immaterial who holds the note."  *Id.* at 417 (emphasis added); *See also, Calvo, supra.* Plaintiff's' contention that possession of the original promissory note is required to non-judicially foreclose is without merit.

   **B.     The Judicially Noticeable Documents Establish That Wells Fargo Has Standing to Foreclose On The Deed of Trust**

The original lender, World Savings, simply changed its name to Wachovia Mortgage, FSB and later merged into Wells Fargo Bank, N.A.  As set forth below, the allegations in the

/ / /

complaint, coupled with judicially noticeable documents conclusively establish that Wells Fargo has standing to foreclose:

- Plaintiff borrowed $177,500 from World Savings, executed a promissory note in favor of World Savings, and executed a deed of trust pledging the Property to World Savings as security for the loan.  (RJN, Exh. A.)
- The deed of trust identifies World Savings as the lender and beneficiary.  (RJN, Exh. A.)
- World Savings changed its name to Wachovia Mortgage, FSB.  (RJN, Exh. B.)
- Wachovia Mortgage, FSB was converted to Wells Fargo Bank Southwest, N.A. and then was merged into Wells Fargo Bank, N.A.  (RJN, Exhs. C-E.)
- The notice of default directs all inquiries relating to the foreclosure to Wachovia Mortgage, FSB.  (RJN, Exh. G.)
- The substitution of trustee was executed by Wells Fargo Bank, N.A. also known as Wachovia Mortgage, a division of Wells Fargo Bank, N.A., formerly known as World Savings Bank, FSB.  (RJN, Exh. H.)

The above referenced documents show that the lender simply changed its name and was merged into Wells Fargo Bank, N.A.  There was no assignment.  As set forth above, Wells Fargo is the successor to World Savings. (RJN, Exh. B, C, D, E and F.)

In addressing a similar clam involving virtually identical documentation the Court in *Hague v. Wells Fargo Bank, N.A*., No. C11-02366, 2011 U.S. Dist. LEXIS 84695, at *8–11 (N.D. Cal. Aug. 2, 2011) ruled:

> The *Hagues*' legal arguments are unpersuasive.  They contend that Wells Fargo  must  establish that it is the "real party in interest" in order to exercise the power of sale. . . . .  The deed of trust at issue here lists World Savings as the lender.  Judicially noticeable documents show that World Savings and Wells Fargo  are one and the same.  Thus Wells Fargo's  rights as lender under the deed of trust and under California's nonjudicial foreclosure statutes are controlling.  The Court agrees with Wells Fargo  that the *Hagues*' allegations regarding Wells Fargo's  ownership interest in the loan are insufficient to support a claim for declaratory relief. . . . .  Wells Fargo's  motion to dismiss this claim is GRANTED.

/ / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

CASE NO.:  1:12-CV-00899-AWI-SMSX
MEMORANDUM OF POINTS AND
AUTHORITIES

1    As was the case in *Hague,* there is not legitimate claim the Wells Fargo is not entitled to

2    act in foreclosing on a loan made by its predecessor World Savings.

3         **C.      The Foreclosure Is Governed Solely by Civil Code § 2924 et seq.**

4         Plaintiff's attempt to rely on California Commercial Code § 3301 and Civil Code §§ 1624

5    and 3302 is misplaced.  "Civil Code sections 2924 through 2924(k) provide a comprehensive

6    framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale

7    contained in a deed of trust."  *Moeller v. Lien*, 25 Cal. App. 4th 822, 830 (1994) (emphasis

8    added).  "The comprehensive statutory framework established to govern nonjudicial foreclosure

9    sales is intended to be exhaustive." *Id.* at 834 (emphasis added).  In *Moeller*, the plaintiff tried to

10   argue that a different section of the California Commercial Code, regarding cure periods, should

11   apply to nonjudicial foreclosures, which the Court rejected. *Id.*  As *Moeller* makes clear,

12   nonjudicial foreclosure are governed by the Civil Code sections 2924 through 2924(k) and not

13   the Commercial Code or other provision of the Civil Code.

14   **7.    THE FRAUD CLAIMS FAIL TO MEET THE RULE 9 STANDARDS (SECOND**

15   **AND FIFTH CLAIMS)**

16        The elements of fraud are:  (i) a false representation as to material fact, (ii) knowledge of

17   its falsity, (iii) intent to defraud, (iv) actual and justifiable reliance, and (v) resulting damage.

18   *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324, 1331 (1986).  Under Rule

19   9(b) fraud allegations must be specifically pled.  *Glen Holly Entertainment, Inc. v. Tektronix,*

20   *Inc.*, 100 F. Supp. 2d 1086, 1093-1094 (C.D. Cal. 1999) (reciting California elements).

21        The purpose of Rule 9(b) is to ensure that "allegations of fraud are specific enough to

22   give defendants notice of the particular misconduct which is alleged to constitute the fraud

23   charged so that they can defend against the charge and not just deny that they have done

24   anything wrong.  *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993).  "The complaint must

25   specify such facts as the times, dates, places, benefits received, and other details of the alleged

26   fraudulent activity."  *Id.* at 671-72.  Merely identifying allegedly fraudulent conduct fails.  A

27   / / /

28   / / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   plaintiff "must set forth what is false or misleading about a statement, and why it is false."  In re

2   *GlenFed Securities Litig.*, 42 F. 3d 1541 at 1547 (9th Cir. 1994).

3          As for corporate defendants, Rule 9(b) requires plaintiff to specifically plead:  (1) the

4   misrepresentation, (2) the speaker and his or her authority to speak (3) when and where the

5   statements were made, (4) whether the statements were oral or written, (5) if the statements were

6   written, the specific documents containing the representations, and (6) the manner in which the

7   representations were allegedly false or misleading.  *Moore v. Kayport Package Express, Inc.*,

8   885 F. 2d 531, 549 (9th Cir. 1989).  Vague or conclusory allegations are insufficient to satisfy

9   Rule 9(b)'s "particularity" requirement.  *See Moore*, 885 F. 2d at 540; *Wool v. Tandem

10   Computers, Inc.*, 818 F. 2d 1433, 1439 (9th Cir. 1987).

11          Plaintiff does not come close to meeting the pleading requirement of fraud.  At most,

12   plaintiff has alleged that the loan brokers, co-defendants Lewis and Laker, defrauded World

13   Savings, not plaintiff.  Specifically, plaintiff alleges that she did not complete the loan

14   application, did not sign the loan application and that the loan application misstated her income.

15   (Comp.¶ 36.)  It is unclear how plaintiff, as opposed to World Savings, was defrauded by these

16   actions.  Moreover, these vague statement do not satisfy Rule 9.

17          Likewise, plaintiff's vague claims regarding "robo-signing" are utterly devoid of facts

18   and fails under both Rule 8 and Rule 9.

19   **8.     PLAINTIFF CANNOT STATE A VIABLE TILA CLAIM (THIRD CLAIM)**

20          Plaintiff's claim fails under Rule 8 since it is vague, uncertain and fails to even identify

21   what provisions of TILA were allegedly violated.  (*See* Section 3 above.)

22          It is unclear if plaintiff seeks to rescind the loan under TILA as there are no allegations

23   involving rescission.  As discussed above, TILA rescission is long since time barred.  15 U.S.C.

24   § 1635(f).  Even if plaintiff seeks TILA rescission, plaintiff has not alleged tender of the loan

25   proceeds required to support such a claim.

26          If the borrower is entitled to a rescission, Section 1635(b) requires the borrower to tender

27   to the lender any money received from the lender in order to complete a rescission.  15 U.S.C. §

28   1635 (b); *Yamamoto v. Bank of N.Y.*, 329 F.3d 1167, 1173 (9th Cir. 2003) (TILA rescission

1   claim dismissed because no showing that tender had occurred or that the borrower had the

2   capacity to repay the principal borrowed); *LaGrone v. Johnson*, 534 F.2d 1360, 1362 (9th Cir.

3   1974) (loan rescission conditioned on the borrower's tender of funds given the lender's non-

4   egregious TILA violations); *Garza v. Am. Home Mort.*, 2009 U.S. Dist. LEXIS 7448, *13-*15

5   (E.D. Cal. Jan. 26, 2009) (TILA rescission claim dismissed where complaint failed to allege

6   borrower's ability to tender loan proceeds).

7          The recent wave of foreclosure litigation has forced every district court in California to

8   consider claims for rescission.  They have almost universally determined that a plaintiff asserting

9   TILA rescission must plead and prove an ability to tender the loan proceeds necessary to

10  effectuate rescission.  *See, e.g., Pagtalunan v. Reunion Mortg., Inc.*, 2009 U.S. Dist. LEXIS

11  34811, 9-10 (N.D. Cal. 2009) ("Plaintiffs' rescission claim fails, because Plaintiffs do not allege

12  that they are willing to repay what they borrowed less finance charges); *Andrade v. Wachovia*

13  *Mortgage*, 2009 U.S. Dist. LEXIS 34872 (S.D. Cal. 2009); *Reganit v. Kay-Co. Invs.*, 2009 U.S.

14  Dist. LEXIS 34883 (E.D. Cal. 2009); *Garcia v. Wachovia Mortg. Corp.*, 2009 U.S. Dist. LEXIS

15  99308, *19 (C.D. Cal. 2009).

16  **9.     PLAINTIFF'S BUSINESS & PROFESSIONS CODE § 17200 CLAIM IS**

17          **CONCLUSORY AND MERITLESS (SIXTH CLAIM)**

18          Plaintiff's claim under Business & Professions Code §17200 is also fatally flawed in

19  several respects.

20          **A.     Plaintiff Fails To Allege Sufficient Facts To Show The Required Elements**

21                  **With The Required Specificity**

22          A claim under Business & Professions Code §17200 ("UCL") requires the proper

23  pleading of some business practice that is forbidden by law.  *Farmers Insurance Exchange v.*

24  *Superior Court*, 2 Cal.4th 377, 383 (1992).  It requires an allegation of particular **facts** showing

25  ongoing unlawful, unfair, and fraudulent business acts on the part of the defendant.  *Korea*

26  *Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1143 (2003); *Hoary v. Mali's of Cal.,*

27  *Inc.*, 14 Cal. App. 4th 612, 619 (1993).  Moreover, a UCL claim founded upon fraud must be

28  pled with specificity as required under Rule 9.  *Rosal v. First Fed. Bank of Cal.*, 2009 U.S. Dist.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   LEXIS 60400 (N.D. Cal. July 15, 2009); *Neu v. Terminix Int'l, Inc.*, 2008 U.S. Dist. LEXIS

2   32844 (N.D. Cal. April 8, 2008) (court held that plaintiffs' claims under Bus. & Prof. Code

3   § 17200 must be pleaded with particularity).

4          Plaintiff's allegations fail to meet these standards.  Plaintiff fails to allege any specific

5   allegations as to who, what, when and how Wells Fargo violated Section 17200.  Plaintiff's UCL

6   claim is predicated entirely on the "wrongful foreclosure" claim asserted in the first claim for

7   relief, fraud claims asserted in the second and fifth and TILA and RESPA claims asserted in the

8   third claims and fourth for relief against Wells Fargo.  (Comp. ¶78.)  Since, as discussed herein,

9   plaintiff fails to state any viable claims against Wells Fargo  in those claims for relief, the UCL

10  claim fails as well.

11         While the "UCL incorporates other laws and treats violations of those laws as unlawful

12  business practices independently actionable under state law", "[w]here a plaintiff cannot state a

13  claim under the 'borrowed' law, she cannot state a UCL claim either." *Rosal*, 671 F. Supp. 2d at

14  1126-1127.  The *Rosal* court stated:

15         To the extent that plaintiff's § 17200 claim is predicated on FFB's
           purported violations of TILA and its regulations, it fails as a matter of law.
16         Plaintiff's TILA rescission and damages claims are time-barred, and thus
           his UCL claim based on TILA violations likewise fails. **Without the**
17         **predicate TILA violation, there can be no § 17200 claim for unlawful**
           **business practices.** See *Rubio v. Capital One Bank (USA)*, 572 F.Supp.2d
18         1157, 1168 (C.D. Cal. 2008) (since plaintiff's TILA claim failed, plaintiff's
           UCL claim predicated on TILA likewise failed).
19

20  *Id.  See also Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp. 2d 895, 911 (C.D. Cal. 2009)

21  (plaintiff's Bus. & Prof. §17200 claim predicated on TILA failed where TILA claim was time-

22  barred); *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163,

23  182 (1999) ("A plaintiff may thus not 'plead around' an 'absolute bar to relief' simply 'by

24  recasting the cause of action as one for unfair competition.').

25         Here, plaintiff cannot state a claim for violation of TILA or RESPA, as a matter of law.

26  Therefore, the §17200 claim predicated on the alleged TILA and RESPA violations likewise

27  fails.

28         Moreover, plaintiff cannot hold Wells Fargo  liable for the conduct of others, including

1  plaintiff's broker co-defendants Lewis and Laker.  Neither a secondary liability theory, nor an

2  aiding and abetting theory may be used to impose liability under section 17200:

3    [A]n unfair practices claim under section 17200 cannot be predicated on vicarious

4  liability. . . a defendant's liability must be based on **his personal participation** in the unlawful

5  practices and **unbridled control** over the practices that are found to violate section 17200 or

6  17500.

7    *Emery v. Visa Int'l Serv. Assoc.*, 95 Cal.App.4th 952, 960 (2002) (emphasis added); *see*

8  *also Perfect 10, Inc. v. Visa Int'l Serv. Assoc.*, 494 F.3d 788, 808-809 (9th Cir. 2007) (affirming

9  dismissal of a UCL claim against defendant alleged to have secondary or aiding and abetting

10  liability only).

11    For all these reasons, the first claim for relief should be dismissed without leave to

12  amend.

13    **B.**    **Plaintiff Has No Standing To Allege A Claim**

14    A private litigant asserting a UCL claim must have "suffered injury in fact and has lost

15  money or property as a result of the unfair competition."  Bus. & Prof. Code §17204.  "Thus, a

16  private person has no standing under the UCL unless that person can establish that the injury

17  suffered and the loss of property or money resulted from conduct that fits within one of the

18  categories of 'unfair competition' in section 17200."  *Daro v. Superior Court*, 151 Cal. App. 4th

19  1079, 1098 (2007).

20    Plaintiff does not allege any loss of money or property as a result of anything allegedly

21  done by Wachovia.  Moreover, there is an absence of any causation of actual loss.  *See Hall v.*

22  *Time, Inc.*, 158 Cal. App. 4th 847 (2008).  Plaintiff has no actual loss because she borrowed

23  money from Wells Fargo [then World Savings] and has not repaid the loan.  Thus, plaintiff lacks

24  standing to bring a UCL claim.

25  **10.**    **PLAINTIFF'S BREACH OF CONTRACT CLAIM IS DEVOID OF ANY FACTS**

26    **(SEVENTH CLAIM)**

27    The elements of a breach of contract action are:  (1) the contract, (2) plaintiffs'

28  performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   damages to plaintiffs.  *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal. App. 3d

2   1371, 1388 (1990).  Plaintiff's claim is devoid of any factual allegation and is merely a

3   meaningless recitation of the elements of breach of contract.

4       Plaintiff fails to identify the contract allegedly breached and have failed to attach the

5   contract or pled its material terms.  Moreover, plaintiff has failed to allege how and when Wells

6   Fargo is alleged to have breach the contract, nor has she alleged with any specificity how she has

7   been harmed by the alleged breach, whatever that may be.  As a result, she has failed to meet the

8   pleading requirements of Rule 8.  (*See* Section 3 above.)

9       It appears that plaintiff may be claiming that Wells Fargo [then World Savings] breach an

10   obligation to allow plaintiff to cancel the loan transaction within three day of signing the Loan

11   documents.  (Comp. ¶ 92.)  Assuming that is true, the breach occurred in October 2006, when the

12   loan documents were signed.  (RJN, Exh. A.)  Therefore, plaintiff's breach of contract claim is

13   barred by the four year statute of breach of contract.  Code of Civil Procedure § 337.

14   **11.   PLAINTIFF'S CLAIM FOR ELDER ABUSE FAILS BECAUSE EXTENDING**

15   **CREDIT DOES NOT CONSTITUTE ELDER ABUSE (EIGHTH CLAIM)**

16       Financial abuse is defined in section 15610.30(a) of California's Welfare and Institutions

17   Code, which provides:  "Financial abuse" of an elder or dependent adult occurs when a person or

18   entity does any of the following:  (1) Takes, secretes, appropriates, or retains real or personal

19   property of an elder or dependent adult to a wrongful use or with intent to defraud, or both;

20   (2) Assists in taking, secreting, appropriating, or retaining real or personal property of an elder or

21   dependent adult to a wrongful use or with intent to defraud, or both.  Cal. Welf. & Inst. Code

22   § 15610.30(a)(1)-(2).  A person or entity is "deemed to have taken, secreted, appropriated, or

23   retained property for a wrongful use if, among other things, the person or entity takes, secretes,

24   appropriates or retains possession of property in bad faith."  *Id.*  § 15610.30(b).  A person or

25   entity:

26           "is deemed to have acted in bad faith if the person or entity knew or
            should have known that the elder . . . had the right to have the property
27           transferred or made readily available to the elder . . . or to his or her
            representative."  *Id.* § 15610.30(b)(1).  Lastly, a person should have
28           known of such a right "if, on the basis of the information received by the

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   person or entity or the person or entity's authorized third party, or both, it

2   is obvious to a reasonable person that the elder . . . has [such] a right." *Id.*
§ 15610.30(b)(2).

3       Here, the elder abuse claim relates solely to the extension of credit.  (FAC ¶¶ 40 and 43.)

4   The mere extension of a loan does not give rise to elder abuse liability against a lender.  *Das v.*

5   *Bank of America, N.A.*, 186 Cal. App. 4th 727, 744 (2010) ("Nothing in appellant's complaints

6   suggests that respondent, in issuing a loan to Kaustubh and transferring his funds at his request,

7   obtained his property for an improper use, or acted in bad faith or with a fraudulent intent.");

8   *Nevis v. Wells Fargo Bank*, 2007 U.S. Dist. LEXIS 65932 (N.D. Cal. Sept. 6, 2007); *McGill v.*

9   *Wachovia Mortg., FSB Loan*, 2010 U.S. Dist. LEXIS 43393 (E.D. Cal. March 3, 2010) (relying

10  on *Nevis, supra's* finding that plaintiff's bare allegations that defendant acted in bad faith and

11  intended to defraud plaintiff by inducing her into an unmanageable loan were not specific

12  enough to allege claim of elder abuse.)

13      Moreover, Welfare and Institutions Code § 15657(c) requires compliance with Civil

14  Code § 3294 before a plaintiff can maintain a cause of action for elder abuse.  That means

15  pleading and proving corporate ratification or authorization of the intentional misconduct.  To

16  establish corporate ratification of an intentional tort under Civil Code § 3294, a plaintiff must

17  prove that a managing agent approved and ratified the intentional tort.  Such a managing agent

18  includes "only those corporate employees who exercise substantial independent authority and

19  judgment in their corporate decision making so that their decisions ultimately determine

20  corporate policy."  *White v. Ultramar*, 21 Cal. 4th 563, 566-567 (1999).  Plaintiff's FAC alleges

21  nothing even remotely suggesting any officer, director or managing agent ever authorized or

22  ratified any wrongdoing.

23      To the extent plaintiff's elder abuse claim is based upon her asserting that Wells Fargo

24  lack the right to foreclose because it does not own the note, that claim and any other wrongful

25  foreclosure based claim fails for the reasons set forth in Section 6.

26  **12.   PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF FAILS (NINTH CLAIM)**

27      Plaintiff's claim for injunctive relief fails because injunctive relief is a remedy, not a

28  distinct cause of action.  *Shell Oil Co. v. Richter*, 52 Cal. App. 2d 164, 168 (1942).  More

1   emphatically, "[I]njunctive relief is never the gravamen of a cause of action." *Tapia v. Aurora*

2   *Loan Services, LLC*, 2009 U.S. Dist. LEXIS 82063, *8-*9 (E.D. Cal. 2009); *McDowell v.*

3   *Watson*, 59 Cal. App. 4th 1155, 1160 (1997).

4   **13.   <u>CONCLUSION</u>**

5       For the foregoing reasons, Wells Fargo requests an order granting this motion without

6   leave to amend and dismissing plaintiff's complaint with prejudice.

7

8                                   Respectfully submitted,

9   Dated:  June 13, 2012           ANGLIN, FLEWELLING, RASMUSSEN,
                                         CAMPBELL & TRYTTEN LLP
10

11

12                                  By:  ____*/s/ Kenneth A. Franklin*____
                                         Kenneth A. Franklin
13                                       kfranklin@afrct.com
                                    Attorneys for Defendant
14                                  WELLS FARGO BANK, N.A., successor by
                                    merger with Wells Fargo Bank Southwest, N.A.,
15                                  f/k/a Wachovia Mortgage, FSB, f/k/a World
                                    Savings Bank, FSB ("Wells Fargo") (erroneously
16                                  sued as "Wells Fargo Home Mortgage, [etc.]")

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP RULES 8, 9(b) AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

| Served Electronically Via the Court's CM/ECF System | Served By Means Other than Electronically Via the Court's CM/ECF System |
|---|---|
| Attorneys for Defendant REGIONAL TRUSTEE SERVICES CORPORATION:<br><br>Nicolas Dalusio<br>NicholasD@robinsontait.com<br>Robinson Tait, P.S.<br>710 Second Avenue, Suite 710<br>Seattle, WA 98104 | *Plaintiff in Pro Per:*<br><br>Marsha Kilgore<br>728 East Magill Avenue<br>Fresno, CA 93710<br>Tel: 559-478-6686 |

☒ **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence by mailing. Under that same practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on June 13, 2012.

| Leslie Coumans | /s/ Leslie Coumans |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP