IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHA KILGORE, )<br><br>Plaintiff, )<br><br>v. )<br><br>WELLS FARGO HOME MORTGAGE, )<br>REGIONAL TRUSTEE SERVICES )<br>CORPORATION, EMMITT LEWIS )<br>FRED LACKER, )<br><br>Defendants. )<br>_____ ) | 1:12-CV- 899 AWI SMS<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION FOR PRELIMINARY<br>INJUNCTION PENDING THE<br>COURT'S RULING ON DEFENDANTS'<br>MOTIONS TO DISMISS<br><br>ORDER VACATING THE JULY 2, 2012<br>HEARING |

BACKGROUND

On May 14, 2012, Plaintiff filed a complaint for damages in the Superior Court for the State of California, County of Fresno.   Among other causes of action, the complaint contained causes of action for wrongful foreclosure, violations of the Truth in Lending Act, Violations of the Real Estate Settlement Procedures Act, Fraud, and Breach of Contract.   The same day, Plaintiff filed an ex parte application for a temporary restraining order enjoining the sale of Plaintiff's property, located at 728 East Magill Avenue, Fresno, California 93710 ("the Property). On May 16, 2012, the Superior Court granted Plaintiff's motion for a temporary restraining order.   It appears Plaintiff had until May 23, 2012 to serve a copy of the May 16, 2012 order on Defendants.

Because the complaint raised causes of action brought under Federal law, on May 31, 2012, Defendant Wells Fargo Home Mortgage ("Defendant Wells Fargo") removed this action to

1    this court.   In the notice of removal, Defendant Wells Fargo states that no Defendant has

2    received personal service of the summons and complaint.   Attached to the notice of removal are

3    the May 14, 2012 complaint and a copy of the Superior Court's docket concerning the state

4    action.

5          On June 11, 2012, Plaintiff filed a motion for a temporary restraining order in this court.

6    Plaintiff sought an order enjoining Defendants from selling the Property.   Finding evidence that

7    Defendants had neither served Plaintiff with a Notice of Default nor Notice of Sale pursuant to

8    California Civil Code § 2924(b), the court granted a temporary restraining order.   The court

9    restrained Defendants from proceeding with the Trustee Sale.   The court ordered Defendants to

10   file an opposition to Plaintiff's request for a preliminary injunction on or before June 21, 2011,

11   and ordered Plaintiff to file any reply by June 26, 2012.    The court set a hearing on Plaintiff's

12   motion for a preliminary injunction for July 2, 2012.

13                                  **LEGAL STANDARD**

14          A plaintiff seeking a preliminary injunction must establish: (1) that she is likely to

15   succeed on the merits, (2) that she is likely to suffer irreparable harm in the absence of

16   preliminary relief, (3) that the balance of equities tips in her favor, and (4) that an injunction is in

17   the public interest.  Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008); Park

18   Vill. Apt. Tenants Ass'n v. Mortimer Howard Trust, 636 F.3d 1150, 1160 (9th  Cir. 2011).   "In

19   each case, courts must balance the competing claims of injury and must consider the effect on

20   each party of the granting or withholding of the requested relief."  Indep. Liv. Cntr. of Southern

21   Cal., Inc. v. Maxwell-Jolly, 572 F.3d 644, 651 (9th Cir. 2009) (quoting Winter, 129 S.Ct. at 376)

22   (internal quotation marks omitted)).

23                                    **DISCUSSION**

24          Plaintiff requests that the court enjoin the sale of her residence until the merits of her

25   action for wrongful foreclosure, along with allegations of fraud and violations of Federal law can

26   be determined.   In California, upon default by the trustor, the beneficiary may declare a default

27   and proceed with a nonjudicial foreclosure sale. The foreclosure process is commenced by the

28   recording of a notice of default and election to sell by the trustee.  After the notice of default is

1  recorded, a notice of sale must be published, posted and mailed 20 days before the sale and

2  recorded 14 days before the sale. See Moeller v. Lien, 25 Cal.App.4th 822, 830 (1994).

3  California Civil Code Sections 2924 through 2924k provide a comprehensive framework for the

4  regulation of a nonjudicial foreclosure sales pursuant to a power of sale contained in a deed of

5  trust. California Golf, L.L.C. v. Cooper, 163 Cal.App.4th 1053, 1070 (2008).  Absent any

6  evidence to the contrary, a nonjudicial foreclosure sale is presumed to have been conducted

7  regularly and fairly.  Civ.Code, § 2924.   However, irregularities in a nonjudicial trustee's sale

8  may be grounds for setting it aside if they are prejudicial to the party challenging the sale. Lo v.

9  Jensen, 88 Cal.App.4th 1093, 1097–98 (2001.)

10       The court finds that a preliminary injunction is warranted at least until such time as the

11  court can determine if the complaint states claim for violation of federal law.   Plaintiff provides

12  evidence that she did not breach any obligation to Defendants because, at the time Defendants

13  filed notices of default and sale, she was current with the payments on her note.  See Cal. Civ.

14  Code § 2924.   To counter Plaintiff's declaration and verified complaint, Defendants have

15  provided the declaration of Michael Dolan, Wells Fargo Operations Analyst, stating that he has

16  reviewed Plaintiff's payment history and no payments have been made since October 2010.

17  Despite the necessity of resolving this specific dispute, no party has provided the court with any

18  accounting records to verify their broad assertion.  As such, at this preliminary stage of the

19  proceedings, it is difficult for the court to resolve the conflicting issue of whether Plaintiff was

20  delinquent on her payments.

21       At this time, court has Plaintiff stating under penalty of perjury that she was not in default

22  on her loan obligations.   Weighing the competing interests, the court finds an injunction is

23  warranted until the court can determine whether Plaintiff has even stated federal causes of action.

24  If the court does not issue a preliminary injunction, plaintiff's home is likely to be sold.   The loss

25  of one's personal residence is an irreparable harm.  See, e.g., Sundance Land Corp. V.

26  Community First Federal Sav. And Loan Ass'n., 840 F.2d 653 (9th Cir. 1988) (loss of real

27  property, because it is unique, is an irreparable injury).    While Defendants argue that they will

28  suffer hardship if they are not permitted to foreclose on the Property, the court finds that

postponing the foreclosure until further evidence can be reviewed is not an undue hardship, especially when compared with Plaintiff's risk of losing her home in a foreclosure sale.   Finally, it is in the public interest to require lenders to comply with California statutes enacted to protect homeowners from unnecessary foreclosures.   Thus, the court finds that the public interest weighs in favor of granting Plaintiff's preliminary injunction.

Defendants' motion to dismiss is scheduled to be heard on July 23, 2012.   Given the disputed issue of fact on whether Plaintiff even defaulted on her payment obligations, the court finds there is little harm to Defendants if this court restrains them from selling the Property until July 23, 2012.  Defendants' interests remain secured by the Deed of Trust.

## CONCLUSION AND ORDER

Plaintiff moves for a preliminary injunction that would restrain Defendants from conducting a trustee sale on the Property.  After considering the motion, Plaintiff has sufficiently established a likelihood of success, irreparable injury, and that the balance of hardships and public interest weigh in her favor.  In the light of the disputed issue of fact on whether Plaintiff has defaulted on her payments, the court finds the previously set hearing date of July 2, 2012 would not assist the court at this time.

Accordingly, IT IS HEREBY ORDERED that:

1.     Plaintiff's motion for a preliminary injunction is GRANTED;

2.     Defendants are RESTRAINED from proceeding with the Trustee Sale until after July 23, 2012; and

3.     The July 2, 2012 hearing is VACATED.

IT IS SO ORDERED.

Dated:   June 29, 2012

CHIEF UNITED STATES DISTRICT JUDGE