IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHA KILGORE, | ) 1:12-CV- 899 AWI SMS |
| | ) |
| Plaintiff, | ) ORDER GRANTING DEFENDANT |
| | ) WELLS FARGO'S MOTION TO |
| | ) DISMISS THE TILA CLAIM AND |
| v. | ) RISPA CLAIM |
| | ) |
| | ) ORDER GRANTING PLAINTIFF TEN |
| WELLS FARGO HOME MORTGAGE, | ) DAYS IN WHICH TO FILE AN |
| REGIONAL TRUSTEE SERVICES | ) AMENDED COMPLAINT |
| CORPORATION, EMMITT LEWIS | ) |
| FRED LACKER, | ) ORDER RESTRAINING ANY |
| | ) FORECLOSURE SALE FOR TEN |
| Defendants. | ) DAYS |
| _____ | ) |

## BACKGROUND

On May 14, 2012, Plaintiff filed a complaint for damages in the Superior Court for the State of California, County of Fresno. The complaint concerns a loan and deed of trust against property located at 728 East Magill Avenue, Fresno, California 93710 ("the Property). Among other causes of action, the complaint contains causes of action for wrongful foreclosure, violations of the Truth in Lending Act, Violations of the Real Estate Settlement Procedures Act, Fraud, and Breach of Contract.

Because the complaint raised causes of action brought under federal law, on May 31, 2012, Defendant Wells Fargo Home Mortgage ("Defendant Wells Fargo") removed this action to this court.

On June 14, 2012, Defendant Wells Fargo filed a motion to dismiss the complaint.

Defendant Wells Fargo contends that all of the complaint's causes of action are barred by the statute of limitations.

Plaintiff did not file an opposition to Defendant Wells Fargo's motion.

On July 23, 2012, Plaintiff filed a first amended complaint.

## DISCUSSION

**A. Amended Complaint**

On July 23, 2012, Plaintiff filed a first amended complaint.   Rule 15(a) of the Federal Rules of Civil Procedure provides:

> (a) Amendments Before Trial.
> (1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within:
>     (A) 21 days after serving it, or
>     (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

In this action, Plaintiff filed her amended complaint on July 23, 2012, well over 21 days after Defendant Wells Fargo filed its motion to dismiss.   As such, Plaintiff was not allowed to file an amended complaint without consent from Defendant Wells Fargo or leave of court.   Plaintiff had neither.   Accordingly, the court has no choice but to strike the July 23, 2012 amended complaint.

**B. Motion to Dismiss**

Defendant Wells Fargo contends that this action is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure because all causes of action are barred by the statute of limitations.

Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  In reviewing a complaint under Rule 12(b)(6), all of the complaint's material

allegations of fact are taken as true, and the facts are construed in the light most favorable to the

non-moving party.  Marceau v. Balckfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008);

Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999).  The court must also assume that general

allegations embrace the necessary, specific facts to support the claim.  Smith v. Pacific Prop. and

Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004).  However, the court is not required "to accept as

true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v.

Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  Although they may provide the

framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of

elements of a cause of action, supported by mere conclusory statements, do not suffice."

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009); see also Warren v. Fox Family Worldwide,

Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).  Thus, "a complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at

1949.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court draw the reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 129 S.Ct. at 1949.

## 1.  TILA

        In the complaint, Plaintiff alleges that Defendants Emmit Lewis and Fred Lacker, along

with other Defendants through vicarious liability, failed to provide Plaintiff with material

disclosures required by the Truth in Lending Act ("TILA") when "explaining the pros and cons"

of adjustable rate mortgages in language Plaintiff could comprehend, failing to advise Plaintiff to

compare similar loan products, and failing to offer other loan alternatives that might be more

advantageous to Plaintiff.   Plaintiff seeks damages for these TILA violations.   Defendants

contend damages are not available because Plaintiff has filed this action outside TILA's one year

statute of limitations for damage actions.

        There is a one-year statute of limitations period in which an action for damages may be

filed under TILA.  See 15 U.S.C. § 1640(e); Beach v. Ocwen Federal Bank, 523 U.S. 410, 412

(1998).  The one-year limitations period of 15 U.S.C. § 1640(e) runs from the date of

1  consummation of the transaction.  "Consummation" is defined as "the time that a consumer

2  becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13); Grimes v.

3  New Century Mortg. Corp., 340 F.3d 1007, 1009 (9th Cir. 2003).

4          According to the complaint, Defendants Lewis and Lacker made statements to Plaintiff

5  that caused her to refinance a loan and sign a deed of trust against the Property in 2006.    As a

6  result of these statements, Plaintiff signed the promissory note and deed of trust relevant to this

7  action on October 31, 2006.[1]   This action was filed on May 14, 2012.

8          Plaintiff did not file this TILA action within one year of the loan's closing.   In fact, this

9  action was not filed until over five years after the loan documents were signed.   Thus, Plaintiff's

10 TILA damage claim is barred by the one year statute of limitation.[2]   Defendant's motion to

11 dismiss the TILA claim must be granted.

12 *2. RESPA*

13         In the complaint, Plaintiff alleges that Defendants Emmit Lewis and Fred Lacker, along

14 with other Defendants through vicarious liability, provided Plaintiff with misleading information

15 to create a windfall in violation of the Real Estate Settlement Procedure's Act ("RESPA").

16 Defendant Wells Fargo contends that the RESPA claims are barred by RESPA's one year or

17 three year statute of laminations.

18         A RESPA claim brought under 12 U.S.C. § 2605 is subject to a three year statute of

19 limitations period and RESPA claims brought under 12 U.S.C. § 2607 and § 2608 are subject to

20 a one year statute of limitations.    The "primary ill" which RESPA seeks to remedy is "the

21 potential for 'unnecessarily high settlement charges' caused by kickbacks, fee-splitting, and other

22 practices that suppress price competition for settlement services.  This ill occurs, if at all, when

23

24         [1]  The court takes judicial notice of these documents submitted by Defendants.  In
25 addition, this date corresponds with the complaint's indications that the documents were signed
   in late 2006.

26         [2]  Even if Plaintiff sought only rescission and no damages, Plaintiff would have a three
27 year statute of limitations   Because § 1635(f) is a statute of repose, it extinguishes any right to
   rescission three years after the consummation of the loan.  See McOmie-Gray v. Bank of
28 America Home Loans, 667 F.3d 1325, 1329 (9th Cir. 2012).  Therefore, any rescission claim is
   also untimely.

                                          4

1   the plaintiff pays for the service, typically at the closing." <u>Snow v. First American Title Ins. Co.</u>,

2   332 F.3d 356, 359-60 (5th Cir. 2003) (quoting 12 U.S.C. § 2601(a)); <u>Vega v. JPMorgan Chase</u>

3   <u>Bank, N.A.</u>,  654 F.Supp.2d 1104, 1114 (E.D.Cal. 2009).

4          The amended complaint's RESPA claim is based on the failure to provide information at

5   the time Plaintiff was negotiating the loan and signed the loan documents.   Thus, the limitations

6   periods for an alleged RESPA violation started in late 2006, when Plaintiff signed her loan

7   documents.   Accordingly, any RESPA claim is now time barred.   The court has no choice but to

8   dismiss this claim.

9   ***C.   Jurisdiction Over Remaining Claims and Further Amendment***

10          The court finds that all federal claims brought in this action must be dismissed.  Because

11   there remains no independent basis for federal jurisdiction, the court may decline to exercise

12   supplemental jurisdiction over any state claims.  <u>See</u> 28 U.S.C. § 1367(c)(3); <u>United Mine</u>

13   <u>Workers v. Gibbs</u>, 383 U.S. 715, 726  (1966).   Because this action was removed from state

14   court, the court may remand the remaining state claims for lack of subject matter jurisdiction.  28

15   U.S.C. § 1447(c); <u>International Primate Protection League v. Administrators of Tulane</u>

16   <u>Educational Fund</u>, 500 U.S. 72, 87 (1991).   Judicial economy, convenience, and comity provide

17   grounds to return this action to state court as the California courts were Plaintiff's originally

18   chosen forum.   However, before the court can remand the remaining state law claims, the court

19   finds it has no choice but to allow leave to amend the TILA and RISPA claims.

20          Dismissal without leave to amend is improper unless it is clear that the complaint could

21   not be saved by amendment.  <u>Vess v. Ciba–Geigy Corp. USA</u>, 317 F.3d 1097, 1108 (9th Cir.

22   2003);  <u>Bly-Magee v. California</u>, 236 F.3d 1014,   (9th Cir. 2001); <u>Chang v. Chen</u>, 80 F.3d 1293,

23   1296  (9th Cir. 1996).   The court notes that in limited circumstances the doctrine of equitable

24   tolling may allow Plaintiff to proceed on her TILA and RISPA claims.   <u>See</u> <u>Reiser v. Residential</u>

25   <u>Funding Corp.</u>, 380 F.3d 1027, 1030 (7th Cir. 2004) (equitable tolling of RISPA claim); <u>King v.</u>

26   <u>State of California</u>, 784 F.2d 910, 915 (9th Cir. 1986) (equitable tolling of TILA claim).   In

27   general "[e]quitable tolling may be applied if, despite all due diligence, a plaintiff is unable to

28   obtain vital information bearing on the existence of his claim."  <u>Santa Maria v. Pacific Bell</u>, 202

1   F.3d 1170, 1178 (9th Cir. 2000).

2   The court recognizes that Plaintiff has provided the court with no potential reason for

3   equitable tolling.   Plaintiff has not filed an opposition to Defendant's Wells Fargo's motion to

4   dismiss.   Even reviewing the amended complaint for the purpose of determining if allowing

5   amendment would be futile, the amended complaint fails to include any allegations supporting

6   equitable tolling.   However, under Ninth Circuit law, the court finds leave to amend to allege

7   equitable tolling should be given because the complaint is silent on all issues concerning tolling.

8   See, e.g., United States ex rel. Saaf v. Lehman Brothers, 123 F.3d 1307, 1308 (9th Cir. 1997)

9   (finding district court erred by failing to allow plaintiff opportunity to amend complaint to allege

10  equitable tolling).   Thus, the court will give Plaintiff ten days to file an amended complaint that

11  alleges equitable tolling.

12  **C. Preliminary Injunction**

13  The court notes that by prior order, the court restrained Defendants from proceeding with

14  the Trustee Sale up until July 23, 2012.   Plaintiff has filed no document or motion requesting

15  that this date be continued.   However, in the interests of justice, the court finds that the

16  preliminary injunction should be continued for ten days to allow Plaintiff to file an additional

17  motion based on any amended complaint.

18                                          **ORDER**

19  Accordingly, the court ORDERS that:

20  1.      The amended complaint filed on July 23, 2012 is hereby struck as impermissible

21          under Rule 15(a) and the court cannot proceed on this complaint;

22  2.      Defendant Wells Fargo's motion to dismiss the federal claims is GRANTED;

23  3.      The federal claims are dismissed with leave to amend, but in the event the federal

24          claims cannot be cured, all remaining state law claims will be remanded to the

25          Superior Court;

26  4.      Any amended complaint alleging equitable tolling SHALL BE FILED within ten

27          days of this order's date of service; and

28  5.      In the interests of justice, Defendants are RESTRAINED from proceeding with

1    the Trustee Sale for an additional ten days.

2  IT IS SO ORDERED.

3  Dated:    July 31, 2012

4                                              CHIEF UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28