# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHA KILGORE, ) | 1:12-CV- 899 AWI SMS |
| ) | |
| Plaintiff, ) | ACKNOWLEDGMENT OF |
| ) | BANKRUPTCY |
| ) | |
| v. ) | ORDER STAYING DEFENDANT'S |
| ) | MOTION TO DISMISS |
| ) | |
| WELLS FARGO HOME MORTGAGE, ) | ORDER TO DEMONSTRATE |
| REGIONAL TRUSTEE SERVICES ) | STANDING |
| CORPORATION, EMMITT LEWIS ) | |
| FRED LACKER, et al., ) | |
| ) | |
| Defendants. ) | |

## BACKGROUND

On May 14, 2012, Plaintiff filed a complaint for damages in the Superior Court for the State of California, County of Fresno. The complaint concerns a loan and deed of trust against property located at 728 East Magill Avenue, Fresno, California 93710 ("the Property). Because the complaint appeared to raise federal causes of action, on May 31, 2012, Defendant Wells Fargo Home Mortgage ("Defendant Wells Fargo") removed this action to this Court.

On June 14, 2012, Defendant Wells Fargo filed a motion to dismiss the complaint. On July 31, 2012, the Court granted Defendant Wells Fargo's motion to dismiss and dismissed the complaint with leave to amend.

1  On August 31, 2012, Plaintiff filed a second amended complaint.   Defendant Wells Fargo then moved to dismiss the second amended complaint.

 On December 12, 2012 and January 2, 2013, Plaintiff filed notices with the Court that she had filed for bankruptcy protection.   A review of Plaintiff's notices show no indication that the assigned Bankruptcy Trustee has authorized Plaintiff to continue in this legal action or that the Trustee has abandoned this action.

## DISCUSSION

Preliminary, the court notes that the automatic bankruptcy stay applies only to actions "brought *against* the debtor." 11 U.S.C. § 362(a) (emphasis added).  Because Plaintiff, as the debtor, has filed for bankruptcy, the automatic stay provision does not apply.   See Snavely v. Miller, 397 F.3d 726, 729 (9th Cir. 2005); Ingersoll–Rand Financial Corp. v. Miller Mining Co., 817 F.2d 1424, 1426 (9th Cir. 1987).

However, once a party files for bankruptcy, a bankruptcy estate is created and that estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).  This includes any pending actions of the debtor.  See Walton v. Allstate Ins. Co., 222 Fed.Appx. 544, 544-455 (9th Cir. 2007); In re Eisen, 31 F.3d 1447, 1451 n. 2 (9th Cir.1994); Sierra Switchboard Co. v. Westinghouse Electric Corp., 789 F.2d 705, 707-09 (9th Cir. 1986); Just Film, Inc. v. Merchant Services, Inc., 873 F.Supp.2d 1171, 1176 (N.D.Cal. 2012); Alexander v. Chakmakian, NO. CV 06-8257 JVS JEM, 2012 WL 1319772, at *2 n.1 (C.D.Cal. 2012); Garcia v. Federal Home Loan Mortg. Corp., NO. 1:12-CV-00397 AWI BAM, 2012 WL 3756307, at *1 n.1 (E.D.Cal. 2012); Fresno Rock Taco LLC v. Rodriguez, NO. 1:11–CV–00622 LJO SKO, 2011 WL 5240444, at *2 (E.D.Cal. 2011).   When a plaintiff declares bankruptcy, all the plaintiff's legal or equitable interests in any cause of action become the bankruptcy estate's property and the bankruptcy trustee represents any pending lawsuit or action; The plaintiff lacks standing to pursue the lawsuit or action.  Turner v. Cook, 362 F.3d 1219, 1225-26 (9th Cir. 2004); see, also, e.g., Just Film, Inc., 873 F.Supp.2d at 1176 (bankruptcy petitioner loses standing for any cause of action and estate becomes only real party in interest); Young v. U.S. Bank Nat. Ass'n, NO. SACV 12-0662 (MLGx), 2012 WL 3678631, at *3-4

(C.D.Cal. 2012) (holding plaintiff lacked standing because plaintiff's bankruptcy filing deprived him of ability to bring any lawsuit unless he could show claims were exempt or trustee abandoned claims); Runaj v. Wells Fargo Bank, 667 F.Supp.2d 1199, 1206 (S.D.Cal. 2009) (holding that plaintiff's legal causes of action are "the property of her bankruptcy estate.").[1]

This action's claims accrued prior to Plaintiff filing for bankruptcy. As such, upon Plaintiff's filing for bankruptcy, Plaintiff is no longer the real party in interest in this lawsuit, and she lacks standing to pursue this lawsuit. In light of Plaintiff filing for bankruptcy, the Court finds that it is appropriate to stay all pending proceedings. The Court will order Plaintiff or the Bankruptcy Trustee to show that, the Bankruptcy Trustee will substitute or ratify this lawsuit pursuant to Federal Rule of Civil Procedure 17(a)(3); this lawsuit is exempt from the bankruptcy estate; or this lawsuit has been abandoned by the Trustee. See, e.g., Young, 2012 WL 3678631, at *3-4 (finding that a debtor "may not prosecute a cause of action belonging to the bankruptcy estate absent showing her claims were exempt from estate or abandoned by the bankruptcy trustee."); Coward v. JP Morgan Chase Bank, Nat. Ass'n, NO. 2:11-CV-03378 GEB DAD, 2012 WL 2263359, at *2 (E.D.Cal. 2012) (same); Rowland v. Novus Financial Corp. 949 F.Supp. 1447, 1453 (D. Hawai'I 1996) (same). If Plaintiff is unable to make an appropriate showing or the Bankruptcy Trustee fails to substitute into this action, this action will be dismissed due to Plaintiff's lack of standing.

Accordingly, IT IS HEREBY ORDERED that:

1. This action and all pending motions are HEREBY STAYED.
2. The January 15, 2013 scheduling conference is VACATED.
3. No later than 4:00 p.m. on February 1, 2013, Plaintiff and/or the Bankruptcy Trustee shall file either:
    a. A notice with the Court of the Bankruptcy Trustee's ratification, joinder, or substitution into this action pursuant to Federal Rule of Civil Procedure

---

[1] A debtor must disclose any litigation likely to arise to the bankruptcy trustee so that it may become a part of the bankruptcy estate. Failure to do so may result in the debtor being estopped from litigating the claim in a non-bankruptcy forum. Hay v. First Interstate Bank of Kalispell, N.A., 978 F.2d 555, 557 (9th Cir. 1992).

3

17(a); or

  b. A memorandum, supported by appropriate evidence, that demonstrates this action is either exempt or abandoned by the Bankruptcy Trustee.

4. All concerned parties are warned that the failure to abide by the deadline set in this order will result in dismissal of this action without further notice.

IT IS SO ORDERED.

Dated: January 4, 2013

UNITED STATES DISTRICT JUDGE