IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHA KILGORE, ) | 1:12-CV- 899 AWI SMS |
| ) | |
| Plaintiff, ) | ORDER LIFTING STAY |
| ) | |
| ) | ORDER DENYING LETTER OF |
| v. ) | PROTEST, WHICH HAS BEEN |
| ) | TERMED AS A MOTION FOR A |
| ) | PRELIMINARY INJUNCTION |
| WELLS FARGO HOME MORTGAGE, ) | |
| REGIONAL TRUSTEE SERVICES ) | |
| CORPORATION, EMMITT LEWIS ) | (Document #53) |
| FRED LACKER, et al., ) | |
| ) | |
| Defendants. ) | |

   This action concerns an action originally filed on May 14, 2012 in the Superior Court for the State of California, County of Fresno, concerning a loan and deed of trust against property located at 728 East Magill Avenue, Fresno, California 93710 ("the Property).   Because the complaint appeared to raise federal causes of action, Wells Fargo Home Mortgage ("Defendant Wells Fargo") removed this action to this Court.  The Court then granted Defendant Wells Fargo's motion to dismiss the complaint, and the complaint was dismissed with leave to amend. Plaintiff filed an amended complaint, and Defendant Wells Fargo moved to dismiss the second amended complaint.

   On December 12, 2012 and January 2, 2013, Plaintiff filed notices with the Court that she

had filed for bankruptcy protection. The Court then ordered this action and all pending motions stayed and requested Plaintiff and/or the Bankruptcy Trustee to file a notice of substitution into this action or a memorandum concerning whether this action fell within the Bankruptcy Court's Jurisdiction. The Chapter 13 Trustee filed a response to the Court's order in which the Trustee provided legal authority and evidence showing that this action is not part of Plaintiff's bankruptcy filing.

In light of the Chapter 13 Trustee's response, the stay in this action must be lifted as this action has no effect on any bankruptcy proceedings. Given any stay should be lifted, the Court must now address Plaintiff's amended complaint, Defendant Wells Fargo's Motion to Dismiss, and a pending "LETTER OF PROTEST", which has been construed as a motion for a preliminary injunction. As the motion for a preliminary injunction requests immediate relief, that motion shall be addressed first.

On August 10, 2012, the court gave Plaintiff additional time in which to file an amended complaint and restrained Defendants from proceeding with any Trustee Sale of the Property until August 20, 2012. While an amended complaint was filed on August 17, 2012, until Plaintiff filed her letter of protest on May 1, 2013, Plaintiff never filed another motion for a preliminary injunction, never requested a further restraining order, and never opposed Defendants' motion to dismiss. As such, at this time, no restraining order is in effect.

A plaintiff seeking a preliminary injunction must establish: (1) that she is likely to succeed on the merits, (2) that she is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in her favor, and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008); Park Vill. Apt. Tenants Ass'n v. Mortimer Howard Trust, 636 F.3d 1150, 1160 (9th Cir. 2011).

The Court previously entered a temporary restraining order because Plaintiff had provided evidence that she was not provided with the Notice of Default or Notice of Sale as required by California Civil Code § 2924b. The pending motion for a preliminary injunction does not contend Plaintiff was not given proper notice. Taking the documents in the light most favorable to Plaintiff, Plaintiff requests an injunction stopping any pending sale based on this Court's grant

of a prior restraining order and equitable factors, such as Plaintiff's age, lack of legal knowledge, and the injury the sale of her home would cause.  At this time, Plaintiff cannot show that she is likely to succeed on the merits of her claims.

       The basis of the amended complaint appears to be fraud surrounding the original transaction and the alleged failure to honor Plaintiff's notice of recession.  As explained in the Court's order dismissing the complaint, there is a one-year statute of limitations period in which an action for damages may be filed under TILA.  See 15 U.S.C. § 1640(e); Beach v. Ocwen Federal Bank, 523 U.S. 410, 412 (1998).  A RESPA claim brought under 12 U.S.C. § 2605 is subject to a three year statute of limitations period and RESPA claims brought under 12 U.S.C. § 2607 and § 2608 are subject to a one year statute of limitations.  According to the complaint, Defendants made false statements to Plaintiff that caused her to refinance a loan and sign a deed of trust against the Property in 2006.   Plaintiff alleges her attempts to rescind the loan in 2006 and possibly 2007 were not honored.  This action was not filed until 2012.   The amended complaint makes allegations concerning equitable tolling based on Plaintiff's medical history and Plaintiff's inability to litigate matters concerning the loan in 2007 and 2008.  However, Plaintiff is still not likely to succeed on the merits of her claims because of the statute of limitations.  Even if the Court were to find several years of equitable tolling appropriate, Plaintiff's claims concerning the original loan transaction and the rescission are still bared by the statute of limitations.

       The Court notes that the exhibits attached to the motion for a temporary restraining order appear to attempt to broaden Plaintiff's claims.   Plaintiffs' exhibits imply Plaintiff believes Defendants also do not have ownership of the note at issue because they can neither produce the original note signed by Plaintiff nor prove they own the note.   As these claims are not contained in the amended complaint, they cannot serve as a basis for a temporary restraining order.  See Flast v. Cohen, 392 U.S. 83, 88 (1968) (Because the federal court is a court of limited jurisdiction, the court must have before it a case or controversy).  Because the complaint in this case does not contain allegations raising issues similar to those presented in the many of the exhibits, there is no controversy present with respect to such issues and the Court cannot address

either the likelihood of success on the merits or whether there are serious questions going to the merits of additional claims.

The factors the Court must consider when ruling on a motion for a temporary restraining order also side against Plaintiff.  At this time, the balance of equities favor Defendants, not Plaintiff.  The last temporary restraining order set by the Court in this case expired over six months ago.  While an amended complaint was filed, no additional motions to preclude any sale were filed until May 1, 2013.  The Court does recognize that not granting Plaintiff a restraining order may result in drastic personal ramifications.  However, given all evidence before the Court indicates Plaintiff is in default and Plaintiff has now been given adequate notice, the Court simply cannot grant Plaintiff's request.  Thus, the Court has no choice but to deny Plaintiff's motion.

**ORDER**

Accordingly, the Court ORDERS that:

1. The stay that had been issued in this action is now lifted;
2. Plaintiff's letter of protest, which has been termed a motion for a preliminary injunction is DENIED; and;
3. The Court will issue an order regarding the pending motion to dismiss shortly.

IT IS SO ORDERED.

Dated:   May 3, 2013

SENIOR DISTRICT JUDGE