IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHA KILGORE,<br><br>                 **Plaintiff,**<br>   v.<br><br>WELLS FARGO HOME MORTGAGE,<br>REGIONAL TRUSTEE SERVICES<br>CORPORATION, EMMITT LEWIS<br>FRED LACKER,<br><br>               **Defendants.** | 1:12-CV- 899 AWI SMS<br><br>**ORDER GRANTING MOTION TO<br>DISMISS**<br><br>**ORDER DISMISSING ACTION**<br><br>**(Document #39)** |

## BACKGROUND

On May 14, 2012, Plaintiff filed a complaint for damages in the Superior Court for the State of California, County of Fresno.  The complaint concerns a loan and deed of trust against property located at 728 East Magill Avenue, Fresno, California 93710 ("the Property).   Because the complaint raised causes of action brought under federal law, Defendant Wells Fargo Home Mortgage ("Defendant Wells Fargo") removed the action to this court.  The court dismissed the first amended complaint, and Plaintiff filed a second amended complaint.   Defendant Wells Fargo then moved to dismiss the second amended complaint.   Plaintiff has not opposed Defendant's motion.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A

dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).   In reviewing a complaint under Rule 12(b)(6), all of the complaint's material allegations of fact are taken as true, and the facts are construed in the light most favorable to the non-moving party.  Marceau v. Balckfeet Hous. Auth., 540 F.3d 916, 919 (9th  Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999).  The court must also assume that general allegations embrace the necessary, specific facts to support the claim.  Smith v. Pacific Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004).   However, while such facts may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).  Thus, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949.   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.

## DISCUSSION

The second amended complaint's facts allege fraud surrounding the original loan transaction in 2006 and Defendants' alleged failure to honor Plaintiff's notice of rescission. Plaintiff alleges that Defendants Emmit Lewis and Fred Lacker, along with other Defendants, failed to provide Plaintiff with material disclosures required by the Truth in Lending Act ("TILA") when "explaining the pros and cons" of adjustable rate mortgages in language Plaintiff could comprehend, failing to advise Plaintiff to compare similar loan products, and failing to offer other loan alternatives that might be more advantageous to Plaintiff.  In the second amended complaint, Plaintiff alleges that Defendants Emmit Lewis and Fred Lacker, along with other Defendants, provided Plaintiff with misleading information to create a windfall in violation of the Real Estate Settlement Procedures Act ("RESPA").   Plaintiff also alleges Defendant failed to

accept her notice of recision.  Finally, the second amended complaint alleges numerous counts of

fraud in violation of California law concerning the events surrounding Plaintiff's agreement to

the loan and Plaintiffs attempts in 2006 and 2007 to rescind the loan or seek a modification.

Defendant Wells Fargo contends that Plaintiff's TILA, RESPA, a fraud claims are barred

by the statute of limitations.    As explained in the court's prior orders, there is a one-year statute

of limitations period in which an action for damages may be filed under TILA.  See 15 U.S.C. §

1640(e); Beach v. Olwen Federal Bank, 523 U.S. 410, 412 (1998).  A RESPA claim brought

under 12 U.S.C. § 2605 is subject to a three year statute of limitations period and a RESPA claim

brought under 12 U.S.C. § 2607 and § 2608 is subject to a one year statute of limitations.

Plaintiff's remaining claims allege fraud and misrepresentation under California law.

"The elements of fraud, which gives rise to the tort action for deceit, are (a) misrepresentation

(false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c)

intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage."

Small v. Fritz Companies, Inc., 30 Cal.4th 167, 173 (2003); Lazar v. Superior Court, 12 Cal.4th

631, 638 (1996).   The statute of limitations in California for fraud is three years.  Cal. Civ. Pro.

Code § 338; Solomon v. North American Life and Cas. Ins. Co., 151 F.3d 1132, 1137-38 (9th Cir.

1998);  General Bedding Corp. v. Echevarria, 947 F.2d 1395, 1397 (9th Cir. 1991).

According to the second amended complaint, Defendants made false statements to

Plaintiff that caused her to refinance a loan and sign a deed of trust against the Property in 2006.

The second amended complaint alleges the loan application was fabricated, listed the value of her

house as higher than it was worth, and inflated Plaintiff's income.    Plaintiff alleges that she

never signed any loan application documents.   The second amended complaint alleges that the

day she signed loan papers, Plaintiff was very ill, but told she had to sign the documents.   The

second amended complaint then explains Plaintiff's repeated attempts to rescind the loan the day

after she signed the documents in 2006.   The second amended complaint alleges Plaintiff again

tried to cancel in 2007 and then began attempting to unsuccessfully refinance her loan.   The

second amended complaint alleges that from 2007 to 2008 Plaintiff was going through breast

cancer reconstruction, and Plaintiff was generally too ill or too heavily medicated to deal with the

Case 1:12-cv-00899-AWI-SMS   Document 58   Filed 05/24/13   Page 4 of 5

loan.  The second amended complaint makes allegations concerning equitable tolling based on Plaintiff's medical history.

The complaint alleges Plaintiff was ill at the time the loan was signed in 2006 and completely unable to litigate matters about the loan from 2007 to 2008.  In general, a plaintiff that seeks equitable tolling must establish two elements: (1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in her way.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  The doctrine of equitable tolling is to be applied sparingly.  Scholar v. Pac. Bell, 963 F.2d 264, 267-67 (9th Cir. 1992).  It would appear Plaintiff's cancer and cancer treatments were an extraordinary circumstance outside her control.   However, assuming Plaintiff's illness prevented her from litigating this action until the end of 2008, this action was not filed until four years later, in 2012.

The court may also may apply "equitable tolling in situations where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim." Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1045-46 (9th Cir. 2011).   In this action, Plaintiff knew the basic facts of Defendants' alleged fraud when they convinced Plaintiff to sign the loan documents and Defendants' alleged failure honor Plaintiff's notice to rescind in 2006.   While Plaintiff continued to obtain additional evidence confirming that there may have been fraud surrounding the loan until 2008, Plaintiff knew the basic facts supporting her claims far earlier.   Even if the court were to not start Plaintiff's statute of limitations until 2008, this action was not filed until 2012.

This action is barred by the statute of limitations.  Even if the court were to find several years of equitable tolling appropriate, Plaintiff's claims concerning the original loan transaction and the rescission are still barred by the statute of limitations.   As Plaintiff has already been allowed to amend the complaint once to allege equitable tolling, no further leave to amend will be given.

//

4

1

**ORDER**

2        Accordingly, the court ORDERS that:

3        1.        The motion to dismiss is GRANTED; and

4        2.        The complaint is DISMISSED;

5        3.        All pending motions are denied as moot; and

6        4.        The Clerk of the Court is DIRECTED to close this action.

7    IT IS SO ORDERED.

8

Dated:    May 23, 2013        _____

9                                SENIOR  DISTRICT  JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28