# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marsha Kilgore,<br><br>        Plaintiff;<br><br>    v.<br><br>Wells Fargo Home Mortgage, et al.,<br><br>        Defendants. | **CASE NO. 1:12-CV-0899 AWI SMS**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>(Doc. 60) |

Plaintiff Marsha Kilgore ("Plaintiff"), in pro se, originally filed this action on May 14, 2012 in the Superior Court for the State of California, County of Fresno, concerning a loan and deed of trust against property located at 728 East Magill Avenue, Fresno, California 93710 ("the Property). Because the complaint appeared to raise federal causes of action, Defendant Wells Fargo Home Mortgage ("Wells Fargo") removed this action to this Court. On April 24, 2013, the Court granted Wells Fargo's motion to dismiss the Second Amended Complaint ("SAC") and entered judgment correspondingly. Plaintiff now moves for reconsideration.

I.    BACKGROUND

According to Plaintiff's second amended complaint, this action arises out of a loan agreement into which she was pressured to enter in October 2006, and which she could not rescind despite her conformity with the rescission requirements. See Doc. 38. Plaintiff made payments for several years until 2010. Doc. 38, 7:12-22. Foreclosure proceedings were initiated in 2011, and the Property was sold at a trustee's sale on July 31 2012. Doc. 38, 8:26-27, Doc. 30, 2:13-14.

Plaintiff originally filed this action on May 14, 2012 in the California Superior Court. Defendant removed the action to this Court and moved to dismiss the complaint. Docs. 1 and 11. Plaintiff did not oppose the motion but filed an amended complaint. Doc. 27. The Court granted Defendant's motion with leave to amend. Doc. 29. Plaintiff was granted her motion for an extension of time to file the amended complaint, and filed the SAC on August 17, 2012. Docs. 33, 36, 38. The SAC brought causes of action for violation of the Truth in Lending Act, violation of the Real Estate Settlement Procedures Act, fraud, conspiracy to defraud, criminal forgery, and quiet title, seeking damages, declaratory relief regarding the parties' rights to the Property, and an injunction to enjoin the foreclosure. See Doc. 38. These causes of action were based on actions occurring in and around October 2006.

On August 31, 2012, Defendant filed a motion to dismiss the SAC set for hearing on October 15, 2012. Doc. 39. Plaintiff did not oppose the motion. The motion was taken under submission. Doc. 44.

On October 11, 2012, Plaintiff filed a motion to remand. Doc. 45. On December 12, 2012, Plaintiff filed a notice of filing bankruptcy, which resulted in a stay of this case. Docs. 47, 50. On May 1, 2013, in attempt to prevent her eviction, Plaintiff filed a "Letter of Protest," which was construed as a motion for preliminary injunction by the Court and denied. Docs. 53, 57. On May 6, 2013, the bankruptcy stay was lifted. Doc. 57.

On May 24, 2013, the Court granted Defendant's motion to dismiss the SAC, to which Plaintiff never filed an opposition or request for extension of time to file the same. Doc. 57. The Court's order was based on the fact that Plaintiff's claims were barred by the relevant statutes of limitations. Judgment was entered in accordance with the order. Doc. 58.

On June 3, 2013, Plaintiff filed the instant motion for reconsideration on the ground that the Court patently misunderstood her position regarding the tolling of the statute of limitations. Doc. 61, 2:17-21.

II.     RULE 59(e)

Under Rule 59(e) a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. Rule 59(e). Relief under Rule 59(e), however,

is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly-discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law. Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001); School Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Motions for reconsideration are disfavored, and are not the place for parties to make new arguments not raised in their original briefs or pleadings. Zimmerman, 255 F.3d at 740; Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988). A district court may disregard legal arguments made for the first time on a motion to amend. Zimmerman, 255 F.3d at 740.

III. DISCUSSION

Of the three possible avenues to pursue relief under Rule 59(e) identified in Zimmerman, only the second is applicable in this case. Plaintiff has not presented evidence discovered subsequent to the entry of judgment, nor has she presented the Court with an intervening change in controlling law. Thus, the Court will discuss whether the Court committed a clear error or made an initial decision that was manifestly unjust.

As noted above, Plaintiff did not submit an opposition to Defendant's motion to dismiss the SAC. However, Plaintiff made several arguments within the SAC itself, and the Court will consider those facts and arguments identified therein. Facts and arguments presented to the Court for the first time in this motion will not be considered.

A. Equitable Tolling

The order granting the motion to dismiss the SAC identified that the relevant statutes of limitations were one year for TILA and RESPA Sections 2607 and 2608, and three years for RESPA Section 2605 and fraud under California law. Doc. 58, 3:5-15. The order identified from the SAC that Defendants made false statements to Plaintiff that caused her to refinance a loan and sign a deed of trust against the Property in 2006, the loan application was fabricated and contained

false information, Plaintiff was very ill and was pressured to sign the loan documents, and that she repeatedly attempted to rescind the loan the day after signing. Doc. 58, 3:18-25.

Plaintiff argues that the Court declined to toll the statute of limitations based on her medical condition, whereas Plaintiff actually requested that the statute of limitations be tolled based on the date Plaintiff suffered actual damages. Doc. 61, 2:17-22. In a section titled "EQUITABLE TOLLING" in the SAC, Plaintiff asserted that she believed she did not suffer injury, which would give her standing to bring a lawsuit, until the foreclosure process had started. Doc. 38, 12:15-16. She alleges that in January 2012, she uncovered several actionable violations that she could not have been made aware despite diligently pursuing her rights. Doc. 38, 12:16-19, 11:17-24.

Actually, the Court declined to toll the statute of limitations on Plaintiff's claims because equitable tolling based on a party's inability to obtain information did not apply. The order identified caselaw that the court "may apply 'equitable tolling in situations where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim.' Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1045-46 (9th Cir. 2011)." Doc. 58, 3:12-14. The order stated, "In this action, Plaintiff knew the basic facts of Defendants' alleged fraud when they convinced Plaintiff to sign the loan documents and Defendants' alleged failure honor Plaintiff's notice to rescind in 2006. While Plaintiff continued to obtain additional evidence confirming that there may have been fraud surrounding the loan until 2008, Plaintiff knew the basic facts supporting her claims far earlier." Doc. 58, 3:15-19.

The order mentioned the possibility of tolling based on Plaintiff's medical condition because she raised the issue several times in the SAC. But the Court stated, "Even if the court were to not start Plaintiff's statute of limitations until 2008, this action was not filed until 2012." Doc. 58, 3:19-20.

Equitable tolling based on a party's inability to obtain information does not apply to a party's misunderstanding of the law. Plaintiff was unaware that she had standing prior to the initiation of foreclosure proceedings because she believed that she had not suffered injury in fact until then. Plaintiff's claims are based on fraudulent activity that induced her to enter the loan,

4

which she believes contained unfair provisions, and for Defendants refusal to allow her to rescind. After entering into the agreement and being denied the right to rescind, Plaintiff had standing to bring her claims based on those facts. Plaintiff's SAC identifies harm suffered at that time, including being bound by a loan to which she did not desire or intend to be bound, and being forced to go back to work in order to pay her bills. Doc. 38, 10-11.

Regarding the discovery of evidence in 2012, Plaintiff identifies an allegedly falsified loan application that contained false statements and she never signed. Doc. 38, 9:6-12. Plaintiff argues that "Defendants made these false representations to [e]nsure that Plaintiff would be approved for a loan she could not possibly afford." Doc. 38, 26: 17-18. However, Plaintiff's claims in the SAC are not based on the allegedly fraudulent loan application, but on the refusal to honor her right to rescind, the loan agreement terms, and untrue representations made by individuals regarding the loan and regarding her ability to cancel the loan agreement, which occurred in 2006 and early 2007. See Doc. 38. Plaintiff has not alleged that she suffered any harm based on the falsified loan application. It is not "vital information bearing on the existence of the claim" that would toll a statute of limitations.

Hence, the Court did not commit a clear error or make a decision that was manifestly unjust regarding equitable tolling.

B.  <u>Fraud – the Falsified Loan Application</u>

Plaintiff argues that count four of the fourth cause of action for fraud is timely because it is based on statements made by a Wachovia representative in January 2010. However, count four of the fourth cause of action is based on the allegedly fraudulent loan application. Doc. 38, 26:8-12, 26:19-20. As discussed above, the late discovery of the loan application does not toll the statute of limitations and does not give rise to a cause of action.

Plaintiff argues that the sixth cause of action for forgery based on the falsified loan application is timely; but forgery, which Plaintiff only brings under a California penal code provision, is a crime, and cannot be maintained in a civil cause of action.

Hence, the Court did not commit a clear error or make a decision that was manifestly unjust in dismissing the fourth or sixth causes of action.

   C. <u>Fraud – January 2010 Representations</u>

Plaintiff cannot allege a new fraud claim based on representations made in January 2010 in the motion for reconsideration that were not raised in the SAC. Plaintiff asserts in the SAC that in January 2010, Defendant's telephone representative told Plaintiff that she needed to be behind on three mortgage payments to qualify for a loan modification. Doc. 38, 7:12-14. Plaintiff relied on these representations and did not make monthly payments for three months, but she was denied the loan modification and unable to pay the full amount in arrears. Doc. 38, 7:14-21. Plaintiff did not allege an independent cause of action for fraud in the SAC based on these facts. The allegations in the SAC related to the January 2010 representations, construed liberally, do not sufficiently allege a fraud cause of action, and therefore do not state a claim for fraud based on these representations. Again, Plaintiff's claims in the SAC are based on actions occurring in 2006 and 2007. In particular, the SAC's fraud claims do not rely on or reference the January 2010 representations.

Plaintiff did not plead in the SAC that the January 2010 representations gave rise to a fraud cause of action. At this stage, Plaintiff cannot seek to amend her pleading because she did not previously seek this remedy or argue that she could cure the deficiency. Arguments brought for the first time in the motion for reconsideration are not considered. Plaintiff does not offer any reason that she could not have filed an opposition to the motion and raised this argument at that time.

Hence, the Court did not commit a clear error or make a decision that was manifestly unjust in failing to consider the January 2010 representations as a fraud cause of action.

IV. ORDER

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: July 22, 2014        _____
                  SENIOR DISTRICT JUDGE