# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHA KILGORE (estate of), | CASE NO. 1:12-CV-0899 AWI JDP |
| Plaintiff | ORDER RE: MOTIONS TO VACATE JUDGMENT AND TO PERMIT SUBSTITUTION OF PARTY |
| v. | |
| WELLS FARGO BANK N.A., et al., | |
| Defendants | (Docs. 67 and 74) |

## I. Background

Defendant Wells Fargo Bank foreclosed on Plaintiff Marsha Kilgore's home in 2012-13. To challenge that process, Plaintiff originally filed suit in state court. Defendant removed the case to the Eastern District of California Fresno Division in May 2012. Doc. 1. Plaintiff sought a temporary restraining to stop the scheduled trustee's sale. Doc. 5. The TRO was granted on June 13 and the court set up a hearing on July 2 to consider whether a more permanent preliminary injunction should be granted. Doc. 6. Concurrently, Defendant filed a motion to dismiss the suit with a hearing scheduled for July 23. Doc. 11. On June 29, the court vacated the July 2 hearing and granted a preliminary injunction through July 23. Doc. 22. The July 23 hearing was vacated and the motion to dismiss was taken under submission. Doc. 26. On July 31 at 3:10 PM, the court issued an order granting the motion to dismiss; Plaintiff was given 10 days to file an amended complaint. Doc. 29. Further, the preliminary injunction was extended for an additional 10 days in the interests of justice. Doc. 29.

The next day, Defendant, through attorney Kenneth Franklin, filed a notice in the court's docket that the trustee's sale of the property took place at 10:40 AM on July 31, before Defendant was aware of the court's order; Defendant did state that it would request the trustee's deed upon sale not be recorded until after August 10. Doc. 30. In response, Plaintiff filed an objection that June 29 preliminary injunction should have been interpreted to last until the court issued an order on the motion to dismiss; Plaintiff believed that Defendant had violated the injunction in conducting a trustee's sale on July 31. Doc. 31. The court did not issue any order that directly addressed Defendant's sale or Plaintiff's assertion that the injunction had been violated.

Plaintiff requested an additional seven days to file her amended complaint. Doc. 33. The court granted the request, asking for the amended complaint to be filed by August 17 and extending the injunction until August 20. Doc. 36. Plaintiff filed her amended complaint on August 17. Doc. 38. The injunction was not extended beyond August 20. Defendant recorded the trustee's deed upon sale on August 31. Doc. 67, 12:14-16; Doc. 71, 5:7-9.

Defendant initiated an unlawful detainer action in state court. Plaintiff filed for bankruptcy in December 2012 and this case was stayed. Docs. 47 and 50. An unlawful detainer judgment was granted in favor of Defendants on April 3, 2013. Facing eviction, Plaintiff filed a request for a temporary restraining order on May 1 in this court. Doc. 53. That request was denied and the stay in this case lifted on May 6. Doc. 57. Plaintiff's amended complaint was dismissed on May 24 and the case closed. Doc. 58.

Plaintiff passed away on October 16, 2013. In 2019, Marsha Kilgore's daughter Brooke Noble, represented by attorney Lenore Albert and purporting to represent the estate of Marsha Kilgore, brought the present motion to vacate the judgment in this case based on a theory of fraud on the court. Doc. 67. Defendant opposes the motion, arguing that Noble has not been properly substituted into this case, Albert is not eligible to practice law as she is under discipline from the California Bar Association, and that there was no fraud on the court. Doc. 71. Noble then filed a motion to allow substitution. Doc. 74. For ease of resolution, the court will address the merits of the fraud on the court argument.

## II. Legal Standards

Federal Rule of Civil Procedure 60(b) preserves the district court's right to hear an independent action to set aside a judgment for fraud. An independent action to set aside a judgment for fraud on the court is "reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." United States v. Beggerly, 524 U.S. 38, 46 (1998), citations and quotations omitted. Fraud on the court is "an unconscionable plan or scheme which is designed to improperly influence the court in its decision. The motion to set aside on this ground is addressed to the sound discretion of the trial court. And the burden is on the moving party to establish fraud by clear and convincing evidence." England v. Doyle, 281 F.2d 304, 309-10 (9th Cir. 1960), citations omitted. "'Fraud upon the court' should, we believe, embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." Alexander v. Robertson, 882 F.2d 421, 424 (9th Cir. 1989), citing 7 J. Moore & J. Lucas, Moore's Federal Practice ¶ 60.33, at 515 (2nd ed. 1978). The movant must show "conduct: 1) on the part of an officer of the court; 2) that is directed at the judicial machinery itself; 3) that is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth; 4) that is a positive averment or a concealment when one is under a duty to disclose; and 5) that deceives the court." Workman v. Bell, 484 F.3d 837, 840 n. 1 (6th Cir. 2007), citing Demjanjuk v. Petrovsky, 10 F.3d 338, 348 (6th Cir. 1993).

## III. Discussion

Plaintiff argues that Defendant has hidden key information from the court. There seems to be three main assertions: Defendant should not have held the trustee's sale on July 31, Defendant hid the fact that the property was sold on July 31, and Defendant hid the fact that the July 31 sale was never rescinded. None of these assertions are factually true.

First, Plaintiff argues that Defendant was not permitted to hold a trustee's sale on July 31. As stated above, Plaintiff believed the June 29 preliminary injunction prohibited any sale until the

court ruled on the pending motion to dismiss. The order resolving that motion was not issued until July 31. Additionally, Plaintiff argues the sale violated California Civil Code 2924g(d) which states in relevant part

> the sale shall be conducted no sooner than on the seventh day after the…expiration or termination of the injunction, restraining order, or stay that required postponement of the sale, whether by entry of an order by a court of competent jurisdiction, operation of law, or otherwise, unless the injunction, restraining order, or subsequent order expressly directs the conduct of the sale within that seven-day period. For purposes of this subdivision, the seven-day period shall not include the day on which the action is dismissed, or the day on which the injunction, restraining order, or stay expires or is terminated.

The June 29 order stated "Defendants are RESTRAINED from proceeding with the Trustee Sale until after July 23, 2012." Doc. 22, 4:19-20. The injunction was not open ended; it expired on July 23. The seven day period ran from July 24 through July 30. Defendant was permitted to go forward with the sale on July 31.

Second, in briefing, Plaintiff repeatedly states that Defendant did not inform the court that the July 31 sale took place: "Defendants and their Counsel transferred title of Ms. Kilgore's home on July 31, 2012 but never spoke out when the Court issued an order on July 31, 2012 and again on August 10, 2012 restraining Defendants from transferring title by way of foreclosure sale." (Doc. 67, 16:8-13); "There is nothing in the record to show the Court was ever made aware of the violation when it made its orders from July 31, 2012 through May 2013." (Doc. 67, 7:1-3); "No notice appears in the record to demonstrate Defendants or their counsel informed the Court that Ms. Kilgore's house sold on July 31, 2012." (Doc. 67, 4:21-24). These assertions are puzzling as Plaintiff also acknowledges in the briefing that "Ken Franklin informed the Court that the sale proceeded on July 31, 2012 but no one had recorded the trustee's deed." Doc. 67, 12:4-6. To be clear, Defendant promptly informed the court of the July 31 sale on August 1. Defendant did not hide the fact that the July 31 sale took place.

Third, Plaintiff argues that Defendant should have reversed the July 31 sale and that the failure to inform the court that it was not reversed constitutes fraud on the court: "There is nothing in the record to show Wells Fargo corrected the record on or after May 3, 2013 by informing the court that in fact Wells Fargo recorded that they sold the home on July 31, 2012 (and not on any

4

later date). This is the true fraud on the court." Doc. 67, 6:16-21.  After Defendant filed its notice explaining that a trustee's sale had taken place on July 31 but that they would not record the deed until August 10, the court did not directly address the odd situation presented.  No order in this case has ever clearly resolved that situation.  The next court order was the grant of Plaintiff's request for additional time to file an amended complaint.  In that order, the court stated "In the interests of justice, Defendants are RESTRAINED from proceeding with the Trustee Sale until 5:00 p.m. on August 20, 2012." Doc. 36, 2:15-16.  The language used to extend the preliminary injunction is, admittedly, confusing as a sale had already taken place.  However, the language should not be construed to require Defendant to reverse the July 31 sale.  The preliminary injunction expired on August 20.  The recording of the trustee's deed upon sale was delayed until August 31.  Thus, there was no violation of the court's injunction.  Plaintiff acknowledges that "The Court implicitly knew that the house sold when it was given notice of the Unlawful Detainer action on September 20, 2012." Doc. 67, 5:12-14.  The court was aware of the completed sale in September, within a month its occurrence.  From this record, there does not appear to be any relevant information that was hidden from the court.  Regarding the request for a temporary restraining order in May 2013, Defendant did not conceal any of the information concerning sale and recording.  In fact, Defendant stated in their opposition at the time that "The Foreclosure on property located at 728 East Magill Avenue, Fresno, California (the "Property") occurred on July 31, 2012. (Document 53, 2:1-10.) In August 2012 plaintiff claimed that the foreclosure violated this Court's temporary restraining order and both parties filed briefing on that issue. (Document nos. 30 and 31.)" Doc. 55, 10-13.

From the record, it does not appear that Defendant has mislead the court.  As there is no basis to reopen the case, the request for substitution need not be addressed.

\\\

\\\

\\\

\\\

### III. Order

Plaintiff's motion to vacate the judgment is DENIED.

Plaintiff's motion to permit substitution of party is DENIED.

IT IS SO ORDERED.

Dated:   December 23, 2019   _____
SENIOR DISTRICT JUDGE